1   LATHAM & WATKINS LLP
        Mark A. Flagel (SBN 110635)
2       mark.flagel@lw.com
        Charles Courtenay (SBN 232139)
3       charles.courtenay@lw.com
        Jessica Kronstadt (SBN 267959)
4       jessica.kronstadt@lw.com
    355 South Grand Avenue
5   Los Angeles, California  90071-1560
    Telephone: (213) 485-1234
6   Facsimile:   (213) 891-8763

7   Attorneys for Moving Defendants GUTHY-
    RENKER LLC (incorrectly named as
8   GUTHY-RENKER CORPORATION) and
    ROBSON SPLANE

9

10                  **UNITED STATES DISTRICT COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12                       **WESTERN DIVISION**

13
    PILATES TECHNOLOGIES, LLC, a          CASE NO. 10-CV-6401 JHN (PJWx)
14  Delaware Corporation,
                                          **DEFENDANTS GUTHY-RENKER**
15              Plaintiff,                **AND ROBSON SPLANE'S**
        vs.                               **NOTICE OF MOTION AND**
16                                        **MOTION TO DISMISS**
    GUTHY-RENKER CORPORATION, a           **PLAINTIFF PILATES**
17  Delaware corporation; DAVID           **TECHNOLOGIES, LLC's**
    KRIEFF, an individual, and ROBSON     **COMPLAINT; MEMORANDUM**
18  SPLANE, an individual,                **OF POINTS AND AUTHORITIES**
                                          **IN SUPPORT THEREOF**
19              Defendants.
                                          ***REQUEST FOR JUDICIAL***
20                                        ***NOTICE AND [PROPOSED]***
                                          ***ORDER FILED CONCURRENTLY***
21                                        ***HEREWITH***

22                                        Date:     November 1, 2010
                                          Time:     2:00 p.m.
23                                        Judge:    The Hon. Jacqueline H. Nguyen
                                                    Courtroom 790, Roybal
24                                                  Building Los Angeles, CA
                                                    90012
25

26

27

28

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 1, 2010, or as soon thereafter as the matter may be heard in the above-entitled court, located at 255 East Temple Street, Courtroom 790, Los Angeles, California, Guthy-Renker LLC (erroneously named as "Guthy-Renker Corporation"), and Robson Splane (collectively, "Moving Defendants") will move and hereby do move this Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the Complaint filed by Plaintiff Pilates Technologies, LLC ("Pilates Technologies" or "Plaintiff").

Moving Defendants' Motion is brought on the following grounds:

1. Plaintiff's "First Claim for Relief (Correction of Inventorship, 35 U.S.C. § 256)" fails to state a claim for which relief may be granted because Plaintiff lacks standing, and the claim is time-barred and insufficiently pled;

2. Plaintiff's "Second Claim for Relief (Breach of Confidence)" fails to state a claim for which relief may be granted because Plaintiff lacks standing, and the claim is preempted, time-barred and insufficiently pled;

3. Plaintiff's "Third Claim for Relief (Misappropriation)" fails to state a claim for which relief may be granted because Plaintiff lacks standing, and the claim is preempted, time-barred and insufficiently pled;

4. Plaintiff's "Fourth Claim for Relief (*Desny*/Breach of an Implied/Inferred Contract)" fails to state a claim for which relief may be granted because Plaintiff lacks standing, and the claim is preempted, time-barred and insufficiently pled;

5. Plaintiff's "Fifth Claim for Relief (Fraud)" fails to state a claim for which relief may be granted because Plaintiff lacks standing, and the claim is preempted, time-barred and insufficiently pled;

6. Plaintiff's "Sixth Claim for Relief (Statutory Unfair Business Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*)" fails to state a claim for

1  which relief may be granted because Plaintiff lacks standing, and the claim is

2  preempted, time-barred and insufficiently pled.

3      As a result, all of the claims in the Complaint should be dismissed,

4  with prejudice and without leave to amend.

5      The Complaint as against "Guthy-Renker Corporation" must

6  additionally be dismissed because the correct legal entity is "Guthy-Renker LLC,"

7  and the named entity is not an existing legal entity.[1]

8      This Motion is based upon this Notice of Motion and Motion to

9  Dismiss, the attached Memorandum of Points and Authorities, the Request for

10 Judicial Notice filed concurrently herewith, the papers on file in this action, and

11 such other matters and submissions as may be presented to and considered by the

12 Court.

13      This motion is made following the conference of counsel pursuant to Local

14 Rule 7-3, which took place on September 17, 2010.

15

16 Dated:  October 4, 2010                    Respectfully submitted,

17                                            LATHAM & WATKINS LLP
                                              Mark A. Flagel
18                                            Charles Courtenay
                                              Jessica Kronstadt
19
                                              By  //s// Mark A. Flagel
20                                            _____
                                                  Mark A. Flagel
21                                            Attorneys for Moving Defendants Guthy-
22                                            Renker LLC (erroneously named as
                                              Guthy-Renker Corporation) and Robson
23                                            Splane.

24

25  _____

26  [1]    Plaintiff's allegations regarding David Krieff acting as an "agent" of Guthy-
     Renker are also knowingly fabricated and untrue.  However, for purposes of this
27  motion, these and the many other incorrect and meritless allegations set forth in the
     Complaint will, as the law requires, be accepted as true.
28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   LEGAL STANDARD ............................................................................ 3

III.  THE COMPLAINT SHOULD BE DISMISSED ................................... 5

    A.    Plaintiff Has Named the Wrong Entity as a Defendant ...................... 5

    B.    Plaintiff Lacks Standing To Pursue the Alleged Claims ................... 5

        1.   The Complaint Fails Sufficiently To Plead an Assignment ................................................................. 5

        2.   Plaintiff Lacks Standing To Pursue the Second, Third, Fourth, Fifth and Sixth Causes of Action Because They May Not Be Assigned ...................... 7

    C.    Plaintiff's Claims are Preempted .................................................... 8

        1.   Plaintiff's Third Cause of Action ................................. 9

        2.   Plaintiff's Second Cause of Action .............................. 10

        3.   Plaintiff's Fifth Cause of Action ................................. 11

        4.   Plaintiff's Sixth Cause of Action................................. 11

    D.    Plaintiff's Claims are Time-Barred................................................ 12

        1.   Plaintiff's First Cause of Action................................. 13

        2.   Plaintiff's Second and Fourth Causes of Action .................... 13

        3.   Plaintiff's Third Cause of Action ................................. 14

        4.   Plaintiff's Fifth Cause of Action ................................. 14

        5.   Plaintiff's Sixth Cause of Action................................. 15

        6.   Plaintiff's Purported Reliance Upon the Discovery Rule is Unavailing ................................................... 15

    E.    The Complaint Is Insufficiently Pled.............................................. 18

        1.   Plaintiff Fails Adequately To Plead Fraud .............................. 18

        2.   Plaintiff Fails Adequately To Plead Statutory Unfair Competition................................................... 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.      Plaintiff Fails To Plead Misappropriation with Particularity................................................................21

4.      Plaintiff Fails To Plead Elements of *Desny* Claim.................21

5.      Plaintiff Fails to Satisfy the General Pleading Requirements of Rule 8 ....................................................22

IV.    CONCLUSION ...........................................................24

# TABLE OF AUTHORITIES

**Page**

## CASES

*Accumiage Diagnostics Corp. v. Terarecon, Inc.*,
   260 F. Supp. 2d 941 (N.D. Cal. 2003) .............................................................. 10

*Acoustics, Inc., v. Trepte Construction Co.*,
   14 Cal. App. 3d 887 (1971) .................................................................................. 5

*Advanced Cardiovascular Systems, Inc. v. Scimed Life*,
   988 F.2d 1157 (Fed. Cir. 1993) ......................................................................... 13

*AirDefense, Inc. v. AirTight Networks, Inc.*,
   2006 WL 2092053 (N.D. Cal. July 26, 2006) ....................................... 9, 10, 11

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*,
   46 Cal. 4th 993 (2009) .......................................................................................... 8

*Anderson v. Select Comfort Retail Corp.*,
   2010 U.S. Dist. LEXIS 65140 (E.D. Cal. June 28, 2010) ............................... 17

*Ashcroft v. Iqbal*,
   ---U.S.---, 129 S.Ct. 1937 (2009) ............................................................ 3, 22, 23

*Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*,
   2009 U.S. Dist. LEXIS 2667 (N.D. Cal. Jan. 7, 2009) .................................... 11

*Bd. of Trs. v. Roche Molecular Sys.*,
   487 F. Supp. 2d 1099 (N.D. Cal. 2007), *overruled in part on other
   grounds by Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche
   Molecular Sys.*, 583 F.3d 832 (Fed. Cir. 2009) .............................................. 13

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*,
   583 F.3d 832 (Fed. Cir. 2009) ........................................................................... 18

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................... 3, 22, 23

*Blaustein v. Burton*,
   9 Cal. App. 3d 161 (1970) ............................................................................. 21, 22

*Bryant v. Mattel*,
   573 F. Supp. 2d 1254 (C.D. Cal. 2007) .............................................................. 4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS

*Callaway Golf Co. v. Dunlop Slazenger Group Americas*,
318 F. Supp. 2d 216 (D. Del. 2004) ................................................. 9

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*,
2005 U.S. Dist. LEXIS 7920 (C.D. Cal. Apr. 28, 2005) ................... 19

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ............................................................ 4

*Conroy v. Regents of the Univ. of Cal.*,
45 Cal. 4th 1244 (2009) ................................................................ 18

*Ctr. for Sci. in the Pub. Interest v. Bayer Corp.*,
2010 U.S. Dist. LEXIS 28292 (N.D. Cal. Mar. 25, 2010) ............... 8

*DelCostello v. International Bhd. of Teamsters*,
462 U.S. 151 (1983) ..................................................................... 13

*Desny v. Wilder*,
46 Cal. 2d 715 (1956) ................................................................... 22

*Dias v. Nationwide Life Ins. Co.*,
700 F. Supp. 2d 1204 (E.D. Cal. 2010) ........................................ 12

*Digital Envoy Inc., v. Google, Inc.*,
370 F. Supp. 2d 1025 (N.D. Cal. 2005) .......................................... 9

*Drazan v. Atl. Mut. Ins. Co.*,
2010 U.S. Dist. LEXIS 64345 (N.D. Cal. June 29, 2010) ............... 8

*Durning v. First Boston Corp.*,
815 F.2d 1265 (9th Cir. 1987) ....................................................... 4

*Enreach Technology, Inc. v. Embedded Internet Solutions, Inc.*,
403 F. Supp. 2d 968 (N.D. Cal. 2005) .......................................... 12

*Erie Railroad Co. v. Tompkins*,
304 U.S. 64 (1938) ......................................................................... 5

*Estate of Blue v. County of Los Angeles*,
120 F.3d 982 (9th Cir. 1997) ......................................................... 3

*Farhang v. Indian Inst. of Tech.*,
2010 U.S. Dist. LEXIS 53975 (N.D. Cal. June 1, 2010) ........... 11, 21

*Faris v. Enberg*,
    97 Cal. App. 3d 309 (1979) .......................................................................... 22

*Fecht v. Price Co.*,
    70 F.3d 1078 (9th Cir. 1995) ......................................................................... 5

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
    569 F. Supp. 2d 929 (N.D. Cal. 2008)........................................................ 10

*Foley v. Bates*,
    2007 WL 1430096 (N.D. Cal. May 14, 2007) .............................................. 19

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005)............................................................................ 12, 16

*Giantceutical, Inc., v. Ken Marble, Inc.*,
    356 F. Supp. 2d 374 (S.D.N.Y. 2005) .......................................................... 7

*Goldberg v. Cameron*,
    482 F. Supp. 2d 1136 (N.D. Cal. 2007) ...................................................... 14

*Harrell v. 20th Century Ins. Co.*,
    934 F.2d 203 (9th Cir. 1991)....................................................................... 15

*Hawthorne Sav. F.S.B. v. Reliance Ins. Co.*,
    421 F.3d 835 (9th Cir. 2005)......................................................................... 5

*Hess v. Advanced Cardiovascular Sys., Inc.*,
    106 F.3d 976 (Fed. Cir. 1997)..................................................................... 23

*In re World War II Era Japanese Forced Labor Litig.*,
    164 F. Supp. 2d 1160 (N.D. Cal. 2001) ...................................................... 13

*Jones v. Bock*,
    549 U.S. 199 (2007) ...................................................................................... 4

*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*,
    171 Cal. App. 4th 939 (2009)...................................................................... 10

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009).............................................................. 18, 20

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005)....................................................................... 4

*Kourtis v. Cameron*,
   419 F.3d 989 (9th Cir. 2005), *overruled in part on other grounds by*
   *Taylor v. Sturgell*, 553 U.S. 880 (2008) ............................................................ 14

*Lauter v. Anoufrieva*,
   642 F. Supp. 2d 1060 (C.D. Cal. 2008) ............................................................ 16

*Leveto v. Lapina*,
   258 F.3d 156 (3d Cir. 2001) ............................................................................... 3

*Levine v. Diamanthuset, Inc.*,
   950 F.2d 1478 (9th Cir. 1991) ............................................................................ 4

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ............................................................................ 5

*Mann v. Columbia Pictures, Inc.*,
   128 Cal. App. 3d 628 (1982) ...................................................................... 21, 22

*Micrel Inc., v. Monolithic Power Sys., Inc.*,
   2005 WL 6426678 (N.D. Cal. Dec. 9, 2005) ............................................... 16, 17

*Monolith Portland Midwest Co. v. Kaiser Alum. & Chem. Corp.*,
   407 F.2d 288 (9th Cir. 1969) ............................................................................. 14

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ............................................................................. 18

*Morales v. City of Los Angeles*,
   214 F.3d 1151 (9th Cir. 2000) ........................................................................... 13

*Morfin v. Accredited Home Lenders, Inc.*,
   2010 U.S. Dist. LEXIS 6831 (S.D. Cal. Jan. 26, 2010) .................................... 18

*Mullis v. United States Bankruptcy Court*,
   828 F.2d 1385 (9th Cir. 1987) ............................................................................. 4

*Natron Corp. v. Schukra U.S.A., Inc.*,
   558 F.3d 1352 (Fed. Cir. 2009) ......................................................................... 23

*Neal v. Juarez*,
   2007 WL 2140640 (S.D. Cal. July 23, 2007) ...................................................... 7

*Norgart v. Upjohn Co.*,
    21 Cal. 4th 383 (1999)................................................................16

*North County Community Alliance, Inc. v. Salazar*,
    573 F.3d 738 (9th Cir. 2009) ......................................................4

*Parrish v. NFL Players Ass'n*,
    534 F. Supp. 2d 1081 (N.D. Cal. 2007) ..............................16, 17

*Ramirez v. GMAC Mortg.*,
    2010 U.S. Dist. LEXIS 5377 (C.D. Cal. Jan. 12, 2010).................6

*Recorded Picture Co. (productions), Ltd. v. Nelson Entm't*,
    53 Cal. App. 4th 350 (1997) .......................................................6

*Rokos v. Peck*,
    182 Cal. App. 3d 604 (1986) .......................................................7

*Rosal v. First Fed. Bank of Cal.*,
    671 F. Supp. 2d 1111 (N.D. Cal. 2009) ......................................16

*Securimetrics, Inc. v. Hartford Cas. Ins. Co.*,
    2005 U.S. Dist. LEXIS 44893 (N.D. Cal. July 21, 2005) .............6

*Security People, Inc. v. Medeco Sec. Locks, Inc.*,
    59 F. Supp. 2d 1040 (N.D. Cal. 1999)........................................14

*Small v. Fritz Co., Inc.*,
    30 Cal. 4th 167 (2003).................................................................18

*SmileCare Dental Group v. Delta Dental Plan*,
    88 F.3d 780 (9th Cir. 1996) .........................................................3

*Stickrath v. Globalstar, Inc.*,
    527 F. Supp. 2d 992 (N.D. Cal. 2007)........................................20

*Swartz v. KPMG, LLP*,
    476 F.3d 756 (9th Cir. 2007) .......................................................5

*TMX Funding, Inc. v. Impero Techs., Inc.*,
    2010 U.S. Dist. LEXIS 60260 (N.D. Cal. June 8, 2010) .............21

*Trew v. Int'l. Game Fish Ass'n., Inc.*,
    404 F. Supp. 2d 1173 (N.D. Cal. 2005) ........................................5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

vii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003)..................................................................19, 20

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003).........................................................................4

*Yamaguchi v. United States Dept. of Air Force*,
   109 F.3d 1475 (9th Cir. 1997).........................................................................4

## STATUTES

Cal. Bus. & Prof. Code § 17200, *et seq*.......................................................passim

Cal. Civ. Code § 3426, *et seq.* ..................................................................8, 9

Cal. Civ. Proc. Code § 338(c)..................................................................13

Cal. Civ. Proc. Code § 338(d) .................................................................14

Cal. Civ. Proc. Code § 339(1) .................................................................13

## RULES

Fed. R. Civ. P. 12(b)(6) ..................................................................3, 4, 24

Fed. R. Civ. P. 8(a) .........................................................................22

Fed. R. Civ. P. 9(b)..............................................................18, 19, 20

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

viii

DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Pilates Technologies, LLC ("Pilates Technologies" or "Plaintiff") – an entity apparently created solely to file this lawsuit – comes before this Court with stale and time-barred claims that are transparently without basis and for which it has not established any standing.  It is clear from the face of the Complaint and the conduct of Plaintiff's principals in the months leading up to the filing that Plaintiff itself and all of its asserted claims have been concocted for the sole purpose of harassing the Defendants and extorting a settlement.  The Complaint must be dismissed in its entirety, and with prejudice.

Plaintiff's Complaint alleges claims for (1) correction of inventorship, (2) breach of confidence, (3) common law misappropriation, (4) breach of an implied/inferred contract, (5) fraud, and (6) unfair competition under California Business & Professions Code Section 17200, *et seq*. ("Section 17200").  These claims allegedly arise from two meetings between David Krieff and two of Plaintiff's principals, Mark Presser and Harry Zimmerman, in the later months of 2004 – some six years ago.  Plaintiff alleges that, during the course of one of those meetings, Messrs. Presser and Zimmerman provided Mr. Krieff with "new ideas and designs for improvements to pilates chairs," that subsequently found their way into a Pilates chair, called the Malibu Pilates® chair, developed by Mr. Krieff and his wife, Carroll Krieff (a renowned Pilates expert) and designed by Robson Splane, a mechanical designer, during the course of 2005.  An application to patent certain aspects of Mr. Splane's design was filed in 2005 and assigned to Guthy-Renker, and the Malibu Pilates® chair has been widely marketed since October 2007.

A number of years passed before September 2009, when a man named Ira Smolev, who was attempting to persuade Guthy-Renker to market a different

product, purported to allege – for the first time, and in what appeared to be an attempt to create leverage to "convince" Guthy-Renker to market the unrelated product – that the filing of the patent in 2005 and the sale of the Malibu Pilates® chair constituted a misappropriation of Messrs. Presser and Zimmerman's design concepts, a breach of contract and a violation of the patent law.  Over the following months, counsel for Guthy-Renker corresponded and met with counsel from the Knobbe law firm, which appeared to represent some combination of Messrs. Smolev, Presser and Zimmerman, together with a number of different entities seemingly formed in connection with this lawsuit (*see* note 4, *infra*), but Guthy-Renker's view that the claims were baseless led to an impasse.  Pilates Technologies, LLC was then apparently formed as a vehicle by which to assert these claims.

There are numerous and fundamental deficiencies with Pilates Technologies' claims that require the dismissal of its Complaint.  Principal among them is the fact that Pilates Technologies lacks standing to assert any of its claims. First, Pilates Technologies lacks standing because it fails entirely to establish the purported assignment pursuant to which it allegedly acquired the rights to bring this suit.  Second, even if it could adequately establish the alleged assignment, it is not possible for Pilates Technologies to be an assignee of at least five of the six claims, because they are simply not assignable as a matter of law (which, in turn, requires dismissal with prejudice and without leave to amend).

Many of Pilates Technologies' claims are also preempted by the California Uniform Trade Secrets Act ("CUTSA"), which governs and controls claims involving alleged misappropriation of confidential information.  The fact Plaintiff chose not to assert a CUTSA misappropriation claim is itself instructive and is indicative of the fact that Plaintiff is concerned not to expose itself to that legislation's fee provisions in asserting these baseless claims.  Preemption, too, requires dismissal with prejudice and without leave to amend.

1       Additionally, all of Pilates Technologies' six claims, which accrued, at

2   the latest, in August 2005, when the initial patent application was filed, are barred

3   by the applicable statutes of limitations.  While the Complaint purports to rely

4   upon the discovery rule to save these claims, the allegations pled are wholly

5   insufficient to do so, again requiring dismissal with prejudice.

6       Finally, each of Pilates Technologies' claims fails because Pilates

7   Technologies cannot state a plausible claim for relief under the Supreme Court's

8   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)

9   (holding that claims will survive a motion to dismiss only when it states a plausible

10  claim for relief), and *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 1949 (2009)

11  (same) decisions.  In addition, the claims for fraud, statutory unfair competition

12  and misappropriation fail to meet the heightened pleading standard for such claims.

13  **II.**

14  **LEGAL STANDARD**

15      Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a

16  complaint must be dismissed if it fails to state a claim for which relief may be

17  granted.  Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937,

18  1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Dismissal is

19  required where the complaint lacks allegations to sustain the elements of a claim

20  for relief, or when no cognizable legal theory supports the claim.  *SmileCare*

21  *Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996).  A claim

22  also is subject to dismissal where an affirmative defense appears on the face of the

23  pleadings.  *See Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th

24  Cir. 1997); *Leveto v. Lapina,* 258 F.3d 156, 161 (3d Cir. 2001).  A complaint

25  survives a Rule 12(b)(6) motion *only* if it contains sufficient facts to permit a

26  reasonable inference that the defendant is liable for the conduct alleged.  *Iqbal*, 129

27  S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported

28  by mere conclusory statements do not suffice."  *Id*.  Under Rule 12(b)(6), a case

1    should be dismissed if "the allegations, taken as true, show that plaintiff is not

2    entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Yamaguchi v. United*

3    *States Dept. of Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (a case should be

4    dismissed for failure to state a claim if "it appears beyond doubt that [a] plaintiff

5    can prove no set of facts in support of [its] claim that would entitle [it] to relief.").

6        In bringing a Rule 12(b)(6) motion, the moving party has the burden

7    of persuading the court that the complaint has failed to state a claim upon which

8    relief can be granted. *Bryant v. Mattel*, 573 F. Supp. 2d 1254, 1259-60 (C.D. Cal.

9    2007). In considering a Rule 12(b)(6) motion, a court accepts "all allegations of

10   material fact as true" and "construes them in the light most favorable" to the

11   plaintiff. *North County Community Alliance, Inc. v. Salazar*, 573 F.3d 738, 742-43

12   (9th Cir. 2009).[1] However, a court is not required to accept the "truth of legal

13   conclusions merely because they are cast in the form of factual allegations."

14   *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003);

15   *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

16       In considering a motion to dismiss under Rule 12(b)(6), a court may

17   consider facts established by exhibits attached to the complaint. *Durning v. First*

18   *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). A court may also consider

19   facts which may be judicially noticed, *Mullis v. United States Bankruptcy Court*,

20   828 F.2d 1385, 1388 (9th Cir. 1987), including documents referenced in, but not

21   attached to, the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

22   2005) (documents "whose contents are alleged in [the] complaint and whose

23   authenticity no party questions" may be considered on a Rule 12(b)(6) motion);

24   *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991) (in considering

25

26   [1]    Nothing in this Motion should be construed as an admission that any of the
     myriad of false assertions included in the Complaint is in fact true. This Motion
27   will, however, establish that, even if accepted as true for purposes of the Motion,
     the Complaint fails to state a claim for which relief may be granted
28

1  a motion to dismiss under Rule 12(b)(6), a court may take judicial notice of

2  documents referenced in the complaint).[2]

3  ### III.

4  ### THE COMPLAINT SHOULD BE DISMISSED

5  #### A.   Plaintiff Has Named the Wrong Entity as a Defendant

6  As a preliminary matter, the Complaint is defective and should be

7  dismissed as to Guthy-Renker because Plaintiff has failed to name the correct

8  Guthy-Renker entity.  In 2008, the pre-existing "Guthy-Renker Corporation" was

9  converted to "Guthy-Renker LLC," which is the currently operative legal entity.

10  (Request for Judicial Notice ("RJN"), Ex. A.)  On this ground alone, the Complaint

11  must be dismissed as to Guthy-Renker.  *Lopez v. Smith*, 203 F.3d 1122, 1133 n.16

12  (9th Cir. 2000) (granting a motion to dismiss where the plaintiff misspelled one

13  defendant's name and included his title but did not include the name of a second

14  defendant).

15  #### B.   Plaintiff Lacks Standing To Pursue the Alleged Claims

16  ##### 1.   The Complaint Fails Sufficiently To Plead an Assignment

17  Under California law, to sue on (or by virtue of) a contract, Plaintiff

18  must allege, *inter alia*, "the existence of a contract."[3]  *Acoustics, Inc., v. Trepte*

19  *Construction Co.*, 14 Cal. App. 3d 887, 913 (1971).  In alleging the existence of

20

21  _____

[2]    For the same reason, the Court may consider the documents referenced in this Motion without converting this Motion into a motion for summary judgment. *Swartz v. KPMG, LLP*, 476 F.3d 756 (9th Cir. 2007) (a court may consider a writing referenced in but not specifically incorporated into a complaint in ruling on a motion to dismiss); *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (documents not attached to the complaint but whose contents are alleged in the complaint and whose authenticity no party questions may be considered in ruling on a motion to dismiss without turning the motion into a motion for summary judgment under Rule 12(d)); *Trew v. Int'l. Game Fish Ass'n., Inc.*, 404 F. Supp. 2d 1173, 1176 (N.D. Cal. 2005) (same).

[3]    Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law."  *Hawthorne Sav. F.S.B. v. Reliance Ins. Co.*, 421 F.3d 835, 841 (9th Cir. 2005) (internal citations omitted).

1  the contract, a "plaintiff may set forth the contract verbatim in the complaint or

2  plead it, as indicated, by exhibit, or plead it according to its legal effect." *Ramirez*

3  *v. GMAC Mortg.*, 2010 U.S. Dist. LEXIS 5377, at *5-*6 (C.D. Cal. Jan. 12, 2010)

4  (citing *Securimetrics, Inc. v. Hartford Cas. Ins. Co.*, 2005 U.S. Dist. LEXIS 44893,

5  at *6 (N.D. Cal. July 21, 2005)).  Where a plaintiff merely alleges that he entered

6  into a contract, without "set[ting] forth [the relevant] terms of the contract," the

7  claim cannot be sustained.  *Ramirez*, 2010 U.S. Dist. LEXIS 5377 at *6

8  (dismissing the plaintiff's breach-of-contract claim because the plaintiff failed to

9  allege that a contract existed).

10          In this case, Pilates Technologies claims to enjoy standing to assert

11  the pleaded claims by virtue of assignment; it claims that "Presser, Zimmerman

12  and Harilela have assigned any interest they have in Zimmerman's ideas and

13  designs…and the subject matter of this lawsuit to Plaintiff."  (Compl. ¶ 38.)

14  However, the Complaint is totally bereft of detail of this alleged contractual

15  assignment.  It fails to specify the nature of the assignment, whether it is written or

16  oral, whether it occurred pursuant to a single agreement or many, the date the

17  assignment was effective, the parties to the assignment or any terms whatsoever

18  pursuant to which the assignment took place.[4]  Without providing such details, the

19  claimed assignment is simply not pleaded and Plaintiff's purported standing, which

20  arises only by virtue of the assignment, is not established.  *See Recorded Picture*

21  *Co. (productions), Ltd. v. Nelson Entm't*, 53 Cal. App. 4th 350, 368 (1997)

22  (granting the defendants' motion for summary judgment because the plaintiff

23  failed to establish that an assignment had taken place and holding that "[a]n

24  effective assignment must include manifestation to another person by the owner of

25

26  [4]      What makes this issue additionally interesting is that in a pre-complaint
   attempt improperly to manipulate David Krieff, Plaintiff's counsel sent Krieff a
27  draft Complaint that named *different purported assignees* of the claims.  Thus, the
   named Plaintiff may well not be a proper assignee of any claims.
28

1  his intention to transfer his right…to [an]other person or to a third person…."); *see*

2  *also Giantceutical, Inc., v. Ken Marble, Inc.*, 356 F. Supp. 2d 374, 377-78

3  (S.D.N.Y. 2005) (concluding that the plaintiff-assignee lacked standing to pursue

4  the patent infringement claim because the assignment did not make clear which

5  legal claims he could allegedly pursue and holding that even a document that

6  shows that the assignor "assigned some interest" to the purported assignee does not

7  effect a valid assignment because "it is impossible for [a] [c]ourt to determine the

8  extent of the assignment.").

9          Pilates Technologies' bald assertion that it has taken an assignment of

10  "the subject matter of this lawsuit" is grossly vague and unspecific, and is wholly

11  insufficient to establish that Pilates Technologies has the standing to pursue these

12  claims.  On this basis alone, the Complaint should be dismissed.

13      **2.    Plaintiff Lacks Standing To Pursue the Second, Third,**
         **Fourth, Fifth and Sixth Causes of Action Because They May**
14       **Not Be Assigned**

15          Even were Pilates Technologies able adequately to plead and establish

16  the existence of a valid assignment, it still would not have standing to assert the

17  second, third, fourth, fifth and sixth alleged causes of action.

18          Claims for breach of confidence and breach of an implied contract

19  may not be assigned, because they "bear[] upon the relationship between the

20  individual parties[,] [making] breaches of such agreements actionable [only]

21  between [the] parties because of the nature of their *personal relationship*."  *Rokos*

22  *v. Peck*, 182 Cal. App. 3d 604, 617-19 (1986) (emphasis added) (affirming the trial

23  court's granting of defendants' motion for judgment on the pleadings because the

24  plaintiff lacked standing to pursue causes of action for breach of an implied

25  contract and breach of confidence because those causes of action may not be

26  assigned).  Equally, claims for common law misappropriation and fraud are forms

27  of personal tort that are also unassignable.  *Neal v. Juarez*, 2007 WL 2140640, at

28  *4 (S.D. Cal. July 23, 2007) (applying California law).  Plaintiff claims no personal

1    relationship with the Defendants from which its claims for breach of confidence,

2    breach of implied contract, common law misappropriation and fraud arise; thus, its

3    only basis for asserting these claims is by virtue of the alleged assignment.  As a

4    result, Plaintiff lacks standing to pursue its second through fifth causes of action,

5    and they must be dismissed.

6             Similarly, under California law, the right to recover a statutory penalty

7    may not be assigned.  *Drazan v. Atl. Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 64345,

8    at *7-*8 (N.D. Cal. June 29, 2010) (citing *Amalgamated Transit Union, Local*

9    *1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1004 (2009)).  As an

10   "assignee" of Presser, Zimmerman and Harilela's purported rights, Plaintiff cannot

11   allege an unfair competition law claim under Section 17200, because Plaintiff itself

12   has not suffered injury or "lost money or property" as a result of Defendants'

13   allegedly fraudulent business conduct.  *Drazan*, 2010 U.S. Dist. LEXIS 64345 at

14   *7-*8 (applying California law and dismissing the plaintiffs' unfair competition

15   claim *without* leave to amend because the plaintiffs, as assignees, had not suffered

16   an injury and therefore lacked standing to pursue that claim); *Ctr. for Sci. in the*

17   *Pub. Interest v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 28292, at *7-*8 (N.D. Cal.

18   Mar. 25, 2010) (applying California law and dismissing the unfair competition

19   claim the plaintiff – a corporation – had filed on behalf of its members because the

20   plaintiff lacked standing to pursue that claim).

21            Plaintiff's second through sixth causes of action are thus un-

22   assignable and must be dismissed with prejudice (and without leave to amend),

23   even if Plaintiff could establish the fact of an assignment.

24   ## C.   **Plaintiff's Claims are Preempted**

25            Despite alleging a range of causes of action of varying applicability to

26   the facts at issue, Plaintiff has conspicuously failed to allege the one cause of

27   action that would appear relevant to the alleged facts – a misappropriation of trade

28   secrets claim under the California Uniform Trade Secrets Act ("CUTSA").  Cal.

1   Civ. Code § 3426, *et seq.*  Given that the basis of Plaintiff's claim is that

2   Defendants allegedly misappropriated Messrs. Presser and Zimmerman's "new

3   ideas and designs for improvements to pilates chairs" (Compl. ¶¶ 14, 32 and 33), it

4   is clear that what is really being alleged is that Defendants misappropriated Messrs.

5   Presser and Zimmerman's trade secrets.  While Plaintiff's reluctance to pursue

6   such a claim likely arises from a desire to avoid CUTSA's punitive fee provisions

7   (Cal. Civ. Code § 3426.4), Plaintiff cannot ignore CUTSA, as it has long been held

8   to control all litigation that falls within its sphere.  Indeed, CUTSA trumps all other

9   claims brought upon the same facts that could potentially give rise to a CUTSA

10   claim, and thus serves to preempt Plaintiff's second, third, fifth and sixth causes of

11   action.

12        CUTSA "preempts all common law claims that are based on an

13   allegation of misappropriation of trade secrets."  *Digital Envoy Inc., v. Google,*

14   *Inc.,* 370 F. Supp. 2d 1025, 1033 (N.D. Cal. 2005).  This preemptive effect occurs

15   whether or not the plaintiff chooses to plead a CUTSA claim in addition to its

16   preempted claims, because CUTSA would be "rendered meaningless" if a plaintiff

17   could plead common law claims which are "based on trade secret

18   misappropriation" simply to avoid preemption.  *Id.* at 1035.  Interpreting CUTSA's

19   preemption provision (Cal. Civ. Code § 3426.7), courts have found that the

20   preemptive effect arises where claims are based upon "the same operative facts,"

21   "the same nucleus of facts," or the "same factual allegations" as could form the

22   basis of a trade secret misappropriation claim.  *Id.* at 1034-35; *AirDefense, Inc. v.*

23   *AirTight Networks, Inc.*, 2006 WL 2092053, at *3 (N.D. Cal. July 26, 2006);

24   *Callaway Golf Co. v. Dunlop Slazenger Group Americas*, 318 F. Supp. 2d 216,

25   219-20 (D. Del. 2004).  This is exactly the case here.

26        **1.    Plaintiff's Third Cause of Action**

27        At the outset, Plaintiff's third cause of action (misappropriation) is

28   preempted by CUTSA and should be dismissed, because CUTSA "occupies the

1   field in California," and therefore "a common law [misappropriation] claim does

2   not survive after [CUTSA]." *Accumiage Diagnostics Corp. v. Terarecon, Inc.*, 260

3   F. Supp. 2d 941, 953-54 (N.D. Cal. 2003) (dismissing *with prejudice* the plaintiff's

4   common law misappropriation claim because it was superseded by CUTSA).

5   Indeed, if "information was not misappropriated," a defendant has the right to use

6   it, "[t]hus [a] claim for common law unfair competition [that] is based on the

7   underlying allegation of trade secret misappropriation . . . is preempted by the

8   CUTSA." *AirDefense*, 2006 WL 2092053 at *4 (applying California law and

9   granting the defendants' motion to dismiss the plaintiff's common law unfair

10  competition claim because it was preempted by CUTSA).  Plaintiff's third cause of

11  action for misappropriation is therefore preempted by CUTSA and must be

12  dismissed.

13              **2.      Plaintiff's Second Cause of Action**

14              Like the common law misappropriation claim, Plaintiff's breach of

15  confidence claim is based on allegations that Defendants received "knowledge of

16  Plaintiff's ideas and designs with the understanding that Plaintiff's ideas and

17  designs were not to be . . . used for purposes beyond the limits of the confidence

18  without permission" and that Defendants "disclosed to the general public

19  Plaintiff's ideas and designs in marketing the Malibu Pilates Chair and in

20  prosecuting the '030 patent beyond the limits of the confidence without

21  permission."  (Compl. ¶¶ 49, 50.)  Because the allegations underlying the breach of

22  confidence claim are entirely focused upon the alleged misappropriation of Messrs.

23  Zimmerman and Presser's purportedly confidential ideas and designs, that claim is

24  preempted and must be dismissed.  *See First Advantage Background Servs. Corp.*

25  *v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 936-37 (N.D. Cal. 2008) (granting the

26  defendants' motion to dismiss the plaintiff's breach of confidence claim because it

27  was preempted under the CUTSA); *K.C. Multimedia, Inc. v. Bank of America*

28  *Technology & Operations, Inc.,* 171 Cal. App. 4th 939, 960 (2009) (affirming

1    dismissal of breach of confidence claim based on preemption); *Digital Envoy*, 370

2    F. Supp. 2d at 1035 (preemption occurs even though a CUTSA claim has not been

3    asserted).

### 3.   Plaintiff's Fifth Cause of Action

5            Plaintiff's fraud claim rests on allegations that Defendants made false

6    representations that they would not "misappropriate Plaintiff's ideas and designs."

7    (Compl. ¶ 72.)  This claim is also preempted and should be dismissed because the

8    Complaint itself concedes that it is based upon the same facts as the

9    misappropriation claim; it thus is "not supported by facts unrelated to the

10   misappropriation" claim.  *See Farhang v. Indian Inst. of Tech.*, 2010 U.S. Dist.

11   LEXIS 53975, at *36-*37 (N.D. Cal. June 1, 2010) (dismissing the plaintiffs' fraud

12   claim with prejudice as preempted by CUTSA because "the crux of [that] claim

13   [was] [the plaintiffs'] allegation that [the] defendants used [the] plaintiffs'

14   resources and time to develop applications derived from [the] plaintiffs' IP for [the

15   defendants'] own benefit.").

### 4.   Plaintiff's Sixth Cause of Action

17           CUTSA preempts a statutory unfair competition claim where

18   misappropriation is the unlawful act on which the Section 17200 claim is based.  In

19   *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*, 2009 U.S. Dist. LEXIS 2667, at *4, *14-

20   *15 (N.D. Cal. Jan. 7, 2009), the plaintiff's Section 17200 claim was based on

21   allegations that the defendants used the plaintiff's proprietary information to

22   produce products that were "nearly identical" to the plaintiff's products.  2009 U.S.

23   Dist. LEXIS 2667 at *4.  Because "as much as [the plaintiff] would like to delink

24   these facts from its… misappropriation claim, [these facts] all relate to the same

25   nucleus of facts underlying [the misappropriation] claim," the court dismissed the

26   Section 17200 claim as preempted by CUTSA.  *Id.* at *15; *see also AirDefense*,

27   2006 WL 1091053 at *4 (dismissing the plaintiff's Section 17200 claim as

28   preempted by CUTSA because the unlawful act on which the Section 17200 claim

was based was the defendants' alleged misappropriation of the plaintiff's confidential customer lists and later "improper solicitation of" the plaintiff's customers); *Enreach Technology, Inc. v. Embedded Internet Solutions, Inc.*, 403 F. Supp. 2d 968, 978 (N.D. Cal. 2005) (granting summary judgment on the plaintiff's statutory unfair competition claim because it was preempted by CUTSA).

Given that the Complaint expressly states that the "unlawful, unfair and fraudulent business actions" upon which the claim is based were "misappropriating Plaintiff's ideas and designs," it is clear that Plaintiff's Section 17200 claim is founded upon the allegations of misappropriation. (Compl. ¶ 83.) Plaintiff's statutory unfair business competition claim is thus preempted by CUTSA and should be dismissed.

## D.   **Plaintiff's Claims are Time-Barred**

The Complaint itself establishes that the alleged misconduct upon which Plaintiff's claims are founded occurred on or before August 10, 2005. This is the date upon which U.S. Provisional Application No. 60/706,983 was filed, naming Robson Splane as the sole inventor and, allegedly, disclosing Mr. Zimmerman's ideas and designs. (Compl. ¶ 30.)[5] Plaintiff's causes of action therefore accrued on or before that date, which is over five years before this action was filed. To the extent Plaintiff's causes of action are subject to limitation periods of five years or less, they are therefore, *prima facie*, barred by the applicable statutes of limitation. *Dias v. Nationwide Life Ins. Co.*, 700 F. Supp. 2d 1204, 1222-23 (E.D. Cal. 2010) (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)).

---

[5]      Again, although not relevant to this motion, it is categorically false that Zimmerman's ideas and designs were used in any way by Mr. Splane or in any way incorporated into the patent application or the product.

1

### 1.   Plaintiff's First Cause of Action

Plaintiff's first cause of action is subject to a three-year limitation period because, when a cause of action under federal civil law does not have a directly applicable limitations period, a court must "borrow the most suitable limitations period from some other source, traditionally, the law of the forum state." *In re World War II Era Japanese Forced Labor Litig.*, 164 F. Supp. 2d 1160, 1179 (N.D. Cal. 2001) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983)). In *Advanced Cardiovascular Systems, Inc. v. Scimed Life*, 988 F.2d 1157 (Fed. Cir. 1993), the court found that the state statute of limitations for actions arising from the conversion of personal property was the most suitable limitations period for a correction of inventorship claim. *See* 988 F.2d at 1163. In California, claims for conversion must be brought within three years. Cal. Civ. Proc. Code § 338(c).[6]

Given that Plaintiff's claim for correction of inventorship accrued when the underlying provisional application was filed, time ran from August 10, 2005 and the limitation period expired on August 10, 2008. *See Bd. of Trs. v. Roche Molecular Sys.*, 487 F. Supp. 2d 1099, 1113-14 (N.D. Cal. 2007), *overruled in part on other grounds by Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 583 F.3d 832, 837 (Fed. Cir. 2009) (granting a patent holder's summary judgment motion on his competitor's patent ownership claim because the plaintiff waited more than four years to file his complaint).

### 2.   Plaintiff's Second and Fourth Causes of Action

Under California law, an "action upon a contract, obligation or liability not founded upon an instrument of writing," must be brought "[w]ithin two years." Cal. Civ. Proc. Code § 339(1). A "breach-of-confidence claim is []

---

[6]   Federal courts sitting in diversity apply state law to determine the length of the limitations period. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000).

subject to a two-year limitations period" because the "statute of limitations for either [a] cause of action for breach of implied contracts or [a] cause of action for breach of confidence is identical." *See Kourtis v. Cameron*, 419 F.3d 989, 1001 (9th Cir. 2005), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (applying California law).

Given that the alleged breaches of confidence and implied contract occurred on or before the filing of the initial provisional patent application in August 2005, the applicable limitation period must have expired in August 2007. *See Kourtis*, 419 F.3d at 1000-01 (affirming the trial court's granting the defendant's motion to dismiss the plaintiff's breach of confidence and breach of implied contract claims because both claims were subject to a two-year statute of limitations period, which ran from the date the defendant released his film); *see also Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1150-51 (N.D. Cal. 2007) (dismissing an implied contract claim because it accrued no later than the date on which films were released, which was more than two years before the plaintiff filed his lawsuit).

### 3.   Plaintiff's Third Cause of Action

Common law misappropriation claims are subject to a two-year statute of limitations. *Monolith Portland Midwest Co. v. Kaiser Alum. & Chem. Corp.*, 407 F.2d 288 (9th Cir. 1969). "A misappropriation claim occurs when a defendant makes its first adverse use of the trade secret in violation of [an] alleged confidential relationship." *Security People, Inc. v. Medeco Sec. Locks, Inc.*, 59 F. Supp. 2d 1040, 1043 (N.D. Cal. 1999) (citing *Monolith*, 407 F.2d at 292). To the extent any misappropriation occurred, it occurred on or before August 10, 2005, and thus the limitation period has long since expired.

### 4.   Plaintiff's Fifth Cause of Action

In California, an "action for relief on the ground of fraud or mistake" must be brought "[w]ithin three years." Cal. Civ. Proc. Code § 338(d). The three-

year period begins to run when the plaintiff "has actual or constructive notice of the facts constituting the fraud.  Constructive notice is knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry."  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 206 (9th Cir. 1991) (granting the defendants' motion to dismiss the plaintiffs' fraud claims *with prejudice* because the plaintiffs had constructive notice of the defendants' fraudulent conduct and the plaintiffs did not file their complaint for more than three years).

Given that Plaintiff's fraud claim is based upon a purported promise that Defendants would not use Messrs. Zimmerman and Presser's design concepts, and given that Messrs. Zimmerman and Presser knew that Mr. Krieff was planning to present their designs to Guthy-Renker following their December 2004 meeting, they were on constructive notice of the fact that such designs may be used (if at all) shortly thereafter.  (Compl. ¶¶ 23, 24.)  Their cause of action would thus have accrued, at the latest, in August 2005, when the patent application was filed.  More than three years have passed since that date, and thus this cause of action is also barred by the applicable statute of limitations.

### 5.   Plaintiff's Sixth Cause of Action

Plaintiff's claim for statutory unfair competition is also barred by the applicable statute of limitation which provides that "[a]ny action to enforce any cause of action pursuant to [Section 17200, *et seq.*] shall be commenced within four years after the cause of action accrued."  Cal. Bus. & Prof. Code § 17208. Given that five years passed between the filing of the patent application, which is the basis for the Section 17200 claim (Compl. ¶ 84), and the filing of the Complaint, even this extensive limitation period has expired.

### 6.   Plaintiff's Purported Reliance Upon the Discovery Rule is Unavailing

The only way in which Plaintiff would be able to avoid the multiple

1   statute bars described above would be if it were able to plead and prove the

2   application of the discovery rule *and* a resulting commencement date within the

3   applicable statutory period.  Pursuant to the discovery rule, the accrual of a cause

4   of action may be postponed until such time as a plaintiff discovers or is reasonably

5   able to discover the existence of a cause of action.  In such cases, the claim accrues

6   only when the plaintiff "has or should have inquiry notice of the cause of action."

7   *Micrel Inc., v. Monolithic Power Sys., Inc.*, 2005 WL 6426678, at *3 (N.D. Cal.

8   Dec. 9, 2005) (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999)).

9              To rely on the discovery rule, a "plaintiff must specifically plead facts

10  to show (1) the time and manner of discovery of the alleged wrong *and* (2) the

11  inability to have made earlier discovery despite reasonable diligence."  *Micrel*,

12  2005 WL 6426678, at *3, *6 (emphasis in the original) (granting a motion for

13  summary judgment on the plaintiff's misappropriation claim as time-barred

14  because the issuance of the defendants' patent put the plaintiff on reasonable notice

15  that misappropriation had occurred and the plaintiff failed to file his

16  misappropriation claim within the statutory period); *Parrish v. NFL Players Ass'n*,

17  534 F. Supp. 2d 1081, 1089 (N.D. Cal. 2007) (citing *Fox v. Ethicon Endo-Surgery,

18  Inc.*, 35 Cal. 4th 797, 808 (2005)); *see also Lauter v. Anoufrieva*, 642 F. Supp. 2d

19  1060, 1099 (C.D. Cal. 2008) ("In order to adequately allege facts supporting a

20  theory of delayed discovery, the plaintiff must plead that, despite diligent

21  investigation of the circumstances of the injury, he or she could not have

22  reasonably discovered facts supporting the cause of action within the applicable

23  statute of limitations period" (citing *Fox,* 35 Cal. 4th at 809)).  "In assessing the

24  sufficiency of the allegations of delayed discovery, [the] plaintiff bears the burden

25  to show diligence; conclusory allegations will not withstand a motion to dismiss."

26  *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1132 (N.D. Cal. 2009)

27  (dismissing the plaintiff's fraudulent misrepresentation claim *without* leave to

28  amend because the plaintiff failed to plead specific facts showing the time and

manner in which he discovered the alleged misrepresentations or his inability to discover the alleged misrepresentations despite reasonable diligence).

A plaintiff who pleads "conclusory allegations" that "do not allege what triggered discovery of [his] claims, or why [he] could not have filed them earlier" and do not allege the plaintiff's diligence may not rely on the discovery rule. *Parrish,* 534 F. Supp. 2d at 1089 (holding that the plaintiffs' claims were barred by the statute of limitations and that the plaintiffs could not rely on the discovery rule because they failed to plead facts regarding their diligence in pursuing their claims, or why they could not have discovered their claims at an earlier time). Similarly, a plaintiff who "fail[s] to state when and how [he or she] discovered [that] his or her alleged injuries were caused by [a] defendant's [conduct]," or "fails to provide any facts to support an assertion as to why [he or she] could not have discovered" the information earlier, has "not pled facts sufficient to invoke the discovery rule so as to delay the accrual of" his or her claims. *Anderson v. Select Comfort Retail Corp.*, 2010 U.S. Dist. LEXIS 65140, at *4 (E.D. Cal. June 28, 2010).

In this instance, Plaintiff has wholly failed to plead facts sufficient to establish the application of the discovery rule. Indeed, the only reference within the Complaint to a delayed discovery of the facts giving rise to Plaintiff's claims is the statement that "Zimmerman and Presser were not aware, and had no reason to suspect, that Guthy-Renker had begun marketing a pilates chair that used Zimmerman's ideas and designs until Zimmerman fortuitously learned of the Malibu Pilates Chair in the fall of 2009." (Compl. ¶ 34.) This simple assertion entirely fails to establish both the "time and manner of discovery of the alleged wrong" and the "inability to have made earlier discovery despite reasonable diligence." *Micrel*, 2005 WL 6426678, at *3. It provides merely a conclusory allegation of the time period in which the discovery was purportedly made (fall of 2009), without any detail or any explanation of how Zimmerman learned of the

1    Malibu Pilates® chair, or why his discovery could not have been made sooner.  As

2    result, it is insufficient as a basis for Plaintiff's reliance upon the discovery rule.[7]

3            The limitation periods have thus run on all Plaintiff's claims and,

4    given Plaintiff's failure sufficiently to plead the discovery rule, they must be

5    dismissed.

6        E.      **The Complaint Is Insufficiently Pled**

7            1.      **Plaintiff Fails Adequately To Plead Fraud**

8            Under California law, the elements of fraud include:  "(1) a

9    misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce

10   another's reliance on the misrepresentation, (4) justifiable reliance, and (5)

11   resulting damage."  *Conroy v. Regents of the Univ. of Cal.*, 45 Cal. 4th 1244, 1255

12   (2009).  Pleaded allegations of common law fraud must satisfy Rule 9(b) of the

13   Federal Rules of Civil Procedure ("Rule 9(b)").  *See Morfin v. Accredited Home*

14   *Lenders, Inc.*, 2010 U.S. Dist. LEXIS 6831, at *23 (S.D. Cal. Jan. 26, 2010)

15   (holding that Rule 9(b) applies to common law fraud claims); *Small v. Fritz Co.,*

16   *Inc.*, 30 Cal. 4th 167, 184 (2003) ("[I]n California, fraud must be pled

17   specifically[.]").  Conclusory allegations of fraud are insufficient and should be

18   dismissed.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.

19   1989); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)

20

21   _____

22   [7]       Equally, even if Plaintiff's allegations were in some way sufficient to satisfy
     the first limb of *Micrel*, Plaintiff would be unable to establish that it (or rather its
     purported predecessors in interest) could not discover the Defendants' alleged
23   wrongdoing with reasonable diligence before the fall of 2009.  *The patent*
     *application itself* **was published on February 15, 2007**, *more than three (3) years*
24   *before the filing of the Complaint.*  (RJN, Ex. B.)  This undoubtedly would have
     put a reasonable person on notice.  *See Bd. of Trs. of the Leland Stanford Junior*
25   *Univ. v. Roche Molecular Sys.*, 583 F.3d 832, 847 (Fed. Cir. 2009) (affirming the
     district court's decision granting a summary judgment motion on a patent
26   ownership claim as time-barred and holding that constructive notice was created by
     publication of the patent application).  Moreover, nothing prevented Zimmerman
27   or Presser, back in the 2004/2005 time frame, from placing a call to Guthy-Renker
     to inquire about the designs.

28

1    (applying Rule 9(b) to claims arising under California law).

2          Rule 9(b) requires more than mere notice pleading, as a plaintiff must

3    establish "the who, what, when, where, and how of the misconduct charged." *Vess*

4    *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  In addition, "[t]he

5    plaintiff must set forth what is false or misleading about a statement, and why it is

6    false." *Id.*  When a fraud claim is based on allegations that a defendant

7    "represented to Plaintiff that if Plaintiff conveyed and disclosed its…ideas, that

8    Defendant would compensate Plaintiff if it utilized…the ideas," the plaintiff "has

9    failed to set forth the facts of this claim with sufficient particularity, as required

10   by" Rule 9(b) and the claim must be dismissed.  *Celestial Mechanix, Inc. v.*

11   *Susquehanna Radio Corp.*, 2005 U.S. Dist. LEXIS 7920, at *30-*31 (C.D. Cal.

12   Apr. 28, 2005) (dismissing the plaintiff's fraud claim because it failed to satisfy

13   Rule 9(b)).

14         Plaintiff's fifth cause of action fails at the most basic level to establish

15   the elements of common law fraud in satisfaction of this heightened pleading

16   standard.  Given that Rule 9(b) requires that allegations of fraud be pled with

17   particularity, Plaintiff is obliged to specify the alleged fraudulent representations,

18   allege details establishing that the statements were false when made, and state the

19   manner in which the representations or omissions were false and misleading.

20   *Foley v. Bates*, 2007 WL 1430096, at *11 (N.D. Cal. May 14, 2007).  Plaintiff

21   simply does not do that in the Complaint.

22         The *only* statement alleged to be false in the Complaint is David

23   Krieff's purported signature upon an email acknowledging that certain design

24   concepts belonged to Mark Presser and Harry Zimmerman.  (Compl. ¶ 72; RJN,

25   Ex. C.)  Plaintiff asserts that this signature constituted "an agreement not to

26   dispute" the statement contained in the email, as well as "a representation . . . that

27   neither Krieff nor Guthy-Renker would misappropriate Plaintiff's ideas and

28   designs and that neither Krieff nor Guthy-Renker would later dispute that these

1    ideas and designs belonged to and had been obtained from Zimmerman and

2    Presser." *Id*.  David Krieff's signature does no such thing.

3              The only statement that David Krieff made in signing the email is a

4    statement that the designs in question belonged to Messrs. Presser and

5    Zimmerman.[8]  Rather than acknowledge this, Plaintiff seeks to read into David

6    Krieff's signature a number of nonexistent, implicit statements that are simply not

7    present.  Other than David Krieff's signature, Plaintiff effectively fails to identify

8    *any* statement by Defendants, much less a "false" statement giving rise to a fraud

9    claim.  Such speculative and conclusory allegations do not satisfy the heightened

10   pleading requirements of Rule 9(b).

11             **2.      Plaintiff Fails Adequately To Plead Statutory Unfair**
                         **Competition**

12

13             The failure adequately to plead fraud dooms to dismissal not only the

14   fifth cause of action, but also the sixth cause of action for statutory unfair

15   competition.  While fraud is "not an essential element" of this claim, "that does not

16   mean that heightened pleading never applies to" this claim, especially where, as

17   here, the plaintiff alleges a "unified course of fraudulent conduct."  *Stickrath v.*

18   *Globalstar, Inc.*, 527 F. Supp. 2d 992, 998 (N.D. Cal. 2007) (citing *Vess*, 317 F.3d

19   at 1103); *see also Kearns*, 567 F.3d at 1120 (holding that the Ninth Circuit has

20   specifically ruled that the heightened pleading requirements of Rule 9(b) apply to

21   claims for relief under Section 17200).  Here, Plaintiff alleges that Guthy-Renker

22   and Krieff committed "unlawful, unfair and fraudulent business actions," but fails

23   to provide any factual allegations to support the alleged fraud, let alone factual

24   allegations sufficient to satisfy this heightened pleading standard.  (Compl. ¶¶ 82-

25   ────────────────

26   [8]      Ironically, if Plaintiff is to succeed on its claims, it will necessarily have to
     establish that David Krieff's statement *is in fact true*, and that the design did
     indeed belong to Messrs. Presser and Zimmerman.  Of course, should this action
27   proceed, it will be clear that the Presser and Zimmerman designs were not used or
     in any way incorporated into the patent or the product.

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO
DISMISS

86.)  Plaintiff's sixth cause of action should therefore be dismissed.  *Kearns*, 567 F.3d at 1127-28 (affirming the district court's decision dismissing the plaintiff's unfair business competition claim because it failed to satisfy the pleading requirements of Rule 9(b)).

### 3. Plaintiff Fails To Plead Misappropriation with Particularity

In describing the subject matter of this dispute, Plaintiff's Complaint gives no greater detail of the allegedly misappropriated concepts than the vague description of "ideas and designs for an improved Pilates chair and drawings that describe and illustrate aspects of those ideas and designs."  (Comp. ¶ 22.)  This is insufficient, as a complaint for misappropriation "should describe the subject matter of the trade secret with sufficient particularity . . . to permit the defendant to ascertain at least the boundaries within which the secret lies."  *TMX Funding, Inc. v. Impero Techs., Inc.*, 2010 U.S. Dist. LEXIS 60260, at *7-*8 (N.D. Cal. June 8, 2010) (internal citations omitted).  Similarly, a complaint that "states that defendants disclosed plaintiffs' trade secrets without their express or implied consent," and that is "not supported by sufficient factual allegations" that provide "a reasonable basis for inferring that [defendants] improperly disclosed or used plaintiffs' trade secrets," is insufficiently pled.  *Farhang v. Indian Inst. of Tech.*, 2010 U.S. Dist. LEXIS 53975, at *45-*46 (N.D. Cal. June 1, 2010).  On this basis, Plaintiff's third cause of action should also be dismissed.

### 4. Plaintiff Fails To Plead Elements of *Desny* Claim

The elements of Plaintiff's fourth cause of action require, *inter alia*, that the "plaintiff condition his or her submission on the defendant's obligation to pay for the ideas if they are used."  *Mann v. Columbia Pictures, Inc.*, 128 Cal. App. 3d 628, 647 n.6 (1982).  A plaintiff cannot prevail on a breach of implied contract claim unless "the circumstances preceding and attending disclosure [of the plaintiff's idea], together with the conduct of the [defendant] acting with knowledge of the circumstances, show a promise of the type usually referred to as

1   'implied' or 'implied-in-fact'" to compensate the plaintiff for that idea.  *Blaustein*

2   *v. Burton*, 9 Cal. App. 3d 161, 182 (1970) (internal citations omitted).  "The law

3   will not imply a promise to pay for an idea from the mere facts that the idea has

4   been conveyed, is valuable, and has been used for profit."  *Id.* at 183 (citing *Desny*

5   *v. Wilder*, 46 Cal. 2d 715, 731 (1956)).[9]

6          In its fourth cause of action, Plaintiff merely pleads that

7
           "disclosure…was consideration for a promise by Guthy-
8          Renker and Krieff to pay for [Plaintiff's] ideas and
           designs if Guthy-Renker or Krieff elected to use them."
9          (Compl. ¶ 65.)

10         Plaintiff provides no detail as to any actual promise that was made,

11  and merely cites in support of its allegations an email in which David Krieff

12  acknowledged that certain design ideas belonged to Messrs. Zimmerman and

13  Presser.  (RJN, Ex. C.)  At no point does Plaintiff plead the details of any promise

14  (express or implied) by any Defendant to pay for those ideas should they be used.

15  As California courts have made clear, this is insufficient to form the basis of a

16  *Desny* claim.  The fourth claim should therefore be dismissed for this additional

17  reason.

18       5.     **Plaintiff Fails To Satisfy the General Pleading Requirements**
                **of Rule 8**

19         Under Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"),

20

21  [9]      For a court to find that Defendants "entered an implied-in-fact contract,
    [P]laintiff must demonstrate that [he] clearly conditioned [his] offer…upon an
22  obligation to pay for it."  *Mann*, 128 Cal. App. 3d at 646-47 (affirming the trial
    court's order granting judgment notwithstanding the verdict to the defendants
23  because the defendants' idea was an independent effort and there was no evidence
    to support the jury's findings that the defendants used the plaintiff's ideas).  Where
24  the "sole evidence" that an implied contract was made is that a plaintiff voluntarily
    submitted his or her idea to a defendant "for the sole purpose of enabling [the
25  defendant] to make a determination of his willingness to enter into a future
    business relationship with [the] plaintiff," that is insufficient to demonstrate that
26  payment was expected.  *Faris v. Enberg*, 97 Cal. App. 3d 309, 318 (1979)
    (affirming the lower court's decision granting the defendants' summary judgment
27  motion because no implied-in-fact contract was created by the plaintiff's conduct
    where he had no expectation of compensation for disclosure of his idea).

28

1   "[f]actual allegations must be enough to raise a right to relief above the speculative

2   level" such that there are "enough facts to state a claim to relief that is plausible on

3   its face." *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1953 (affirming

4   application of Rule 8 pleading standard in *Twombly*.).  To survive a motion to

5   dismiss, a complaint must contain "either direct or inferential allegations

6   respecting all the material elements necessary to sustain recovery under some

7   viable legal theory." *Twombly,* 550 U.S. at 570 (quotations/citation omitted).  This

8   level of detail "requires more than labels and conclusions, and a formulaic

9   recitation of the elements of a cause of action will not do." *Id.* at 555.  Rather, the

10  complaint must plead "factual content that allows the court to draw the reasonable

11  inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S.Ct.

12  at 1949, and must contain enough factual matter "to raise a right to relief above the

13  speculative level." *Twombly*, 550 U.S. at 555.  If Plaintiff does not "nudge [its]

14  claims across the line from conceivable to plausible, the[] complaint must be

15  dismissed." *Id.* at 570.  "[A]llegations that are no more than legal conclusions are

16  not entitled to the assumption of truth" and are insufficient.  *Iqbal*, 129 S.Ct. at

17  1950.  Indeed, withstanding dismissal "requires a 'showing,' rather than a blanket

18  assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3.   The conclusory

19  nature of Plaintiff's allegations, as described above, render its second through sixth

20  claims insufficient under the standard set forth in *Twombly* and *Iqbal*.

21          Plaintiff's first cause of action suffers from this defect as well.  That

22  claim, for correction of inventorship, involves a question of law.  *Natron Corp. v.*

23  *Schukra U.S.A., Inc.*, 558 F.3d 1352, 1356 (Fed. Cir. 2009).  Moreover, "[t]he

24  inventors as named in an issued patent are presumed to be correct." *Hess v.*

25  *Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997).  Thus, a

26  party alleging a claim for correction of inventorship must "meet the heavy burden

27  of proving its case by clear and convincing evidence." *Natron*, 558 F.3d at 1356,

28  1359 (internal citation omitted); *Hess*, 106 F.3d at 980 (same).  Here, Plaintiff's

1   correction claim is premised solely upon the assertion that "Zimmerman

2   contributed in a significant manner to the conception of the inventions disclosed

3   and claimed in the '030 patent." (Comp. ¶ 42.)  At no point does Plaintiff seek to

4   detail the facts that underpin this conclusory assertion; for example, nowhere does

5   Plaintiff describe or identify any elements of the claimed invention that

6   Zimmerman or Presser allegedly conceived, or why those elements are significant

7   to the claimed invention.  As a result, the correction of inventorship claim should,

8   along with the other claims, be dismissed under *Twombly* and *Iqbal*.

9                                                        **IV.**

10                                              **CONCLUSION**

11              For the foregoing reasons, Guthy-Renker and Robson Splane

12   respectfully request that the Court dismiss the Complaint, and all of the causes of

13   action alleged therein, with prejudice, and without leave to amend.

14

15   Dated:  October 4, 2010                    Respectfully submitted,

16                                                       LATHAM & WATKINS LLP
                                                          Mark A. Flagel
17                                                       Charles Courtenay
                                                          Jessica Kronstadt
18
19                                                       By  //s// Mark A. Flagel
                                                              Mark A. Flagel
20                                                       Attorneys for Moving Defendants Guthy-
                                                          Renker LLC (erroneously named as
21                                                       Guthy-Renker Corporation) and Robson
                                                          Splane.
22
23
24
25
26
27
28

## PROOF OF SERVICE

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA  90071-1560.

   On **October 4, 2010**, I served the following document described as:

DEFENDANTS GUTHY-RENKER AND ROBSON SPLANE'S
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF PILATES
TECHNOLOGIES, LLC's COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

by serving a true copy of the above-described document in the following manner:

**BY HAND DELIVERY**

   I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.  Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business.  I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

Joseph R. Re
Benjamin A. Katzenellenbogen, Jr.
Dennis M. Cahillane
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, California 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

   I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed on **October 4, 2010**, at Los Angeles, California.

Valerie Paredes
