LATHAM & WATKINS LLP
  Mark A. Flagel (SBN 110635)
  mark.flagel@lw.com
  Charles Courtenay (SBN 232139)
  charles.courtenay@lw.com
  Jessica Kronstadt (SBN 267959)
  jessica.kronstadt@lw.com
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile:   (213) 891-8763

Attorneys for Moving Defendants GUTHY-RENKER LLC (incorrectly named as GUTHY-RENKER CORPORATION) and ROBSON SPLANE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PILATES TECHNOLOGIES, LLC, a Delaware Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>GUTHY-RENKER CORPORATION, a Delaware corporation; DAVID KRIEFF, an individual, and ROBSON SPLANE, an individual,<br><br>    Defendants. | CASE NO. 10-CV-6401 JHN (PJWx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS GUTHY-RENKER AND ROBSON SPLANE'S MOTION TO DISMISS PLAINTIFF PILATES TECHNOLOGIES LLC's COMPLAINT**<br><br>*NOTICE OF MOTION AND MOTION AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH*<br><br>Date:  November 1, 2010<br>Time:  2:00 p.m.<br>Judge: The Hon. Jacqueline H. Nguyen<br>         Courtroom 790, Roybal Building Los Angeles, CA 90012 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANTS GUTHY-RENKER AND ROBSON SPLANE'S
MOTION TO DISMISS PLAINTIFF PILATES TECHNOLOGIES
LLC'S COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 201 of the Federal Rules of Evidence,[1] Defendants Guthy-Renker LLC (erroneously named as "Guthy-Renker Corporation"), and Robson Splane (collectively, "Moving Defendants"), hereby request that the Court take judicial notice of the following documents attached hereto:

1. A true and correct copy of the Certificate of Conversion converting Guthy-Renker Corporation to Guthy-Renker LLC, which was filed with the Secretary of State of the State of Delaware on April 23, 2008 (attached as Exhibit A).

2. A true and correct copy of U.S. Patent No. 7,608,030, entitled "Exercise Chair," which issued on October 27, 2009 (attached as Exhibit B).

3. A true and correct copy of an email dated December 6, 2004 from Mark A. Presser to David Krieff entitled "Malibu Method and Chair Design," bearing handwritten annotations and the purported signatures of David Krieff and Harry Zimmerman, which are dated December 7, 2004.  The Moving Defendants understand this to be a copy of the email that is referenced in paragraphs 20 and 72 of the Complaint (attached as Exhibit C).

The Court may take judicial notice of Exhibits A and B because they are matters of public record. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record that are outside the pleadings); *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (same); *see also Streak Prods., Inc. v. Antec, Inc.*, 2010 U.S. Dist. LEXIS 97613, at *11 (N.D. Cal. Sept. 8, 2010) (holding that a patent

---

[1] Judicial notice is proper of any fact that is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS GUTHY-RENKER AND ROBSON SPLANE'S MOTION TO DISMISS PLAINTIFF PILATES TECHNOLOGIES LLC'S COMPLAINT

contained in the public records of the United States Patent and Trademark Office is a public record and may be judicially noticed).

The Court may take judicial notice of Exhibits B and C because they are referenced in the Complaint and no party questions the authenticity of the copies attached. *See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (a court may take judicial notice of documents that are not physically attached to a complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions"); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) (a court may consider a document not physically attached to the complaint if the complaint refers to the document and no party questions the authenticity of the copy attached); *Springate v. Weighmasters Murphy*, 217 F. Supp. 2d 1007, 1013 (C.D. Cal. 2002) (granting a request for judicial notice of documents alleged in but not attached to the complaint because their authenticity was not in question).

For the foregoing reasons, the Moving Defendants respectfully request that this Court take judicial notice of the documents attached as Exhibits A. B and C.

Dated:  October 4, 2010

Respectfully submitted,

LATHAM & WATKINS LLP
Mark A. Flagel
Charles Courtenay
Jessica Kronstadt

By  //s// Mark A. Flagel
    Mark A. Flagel
Attorneys for Moving Defendants Guthy-Renker LLC (erroneously named as Guthy-Renker Corporation) and Robson Splane

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS GUTHY-RENKER AND ROBSON SPLANE'S MOTION TO DISMISS PLAINTIFF PILATES TECHNOLOGIES LLC'S COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560.

On **October 4, 2010**, I served the following document described as:

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS GUTHY-RENKER AND ROBSON SPLANE'S MOTION TO DISMISS
PLAINTIFF PILATES TECHNOLOGIES LLC's COMPLAINT

by serving a true copy of the above-described document in the following manner:

### BY HAND DELIVERY

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server. Under that practice, documents are deposited to the Latham & Watkins LLP personnel responsible for dispatching a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided to the messenger courier service or registered process server; such documents are delivered to a messenger courier service or registered process server on that same day in the ordinary course of business. I caused a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for hand delivery by a messenger courier service or a registered process server.

Joseph R. Re
Benjamin A. Katzenellenbogen, Jr.
Dennis M. Cahillane
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, California 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **October 4, 2010**, at Los Angeles, California.

_____
Valerie Paredes

LA\2146165.1