1   LATHAM & WATKINS LLP
       Mark A. Flagel (SBN 110635)
2      mark.flagel@lw.com
       Charles Courtenay (SBN 232139)
3      charles.courtenay@lw.com
       Jessica Kronstadt (SBN 267959)
4      jessica.kronstadt@lw.com
    355 South Grand Avenue
5   Los Angeles, California  90071-1560
    Telephone: (213) 485-1234
6   Facsimile:   (213) 891-8763

7   Attorneys for Moving Defendants GUTHY-
    RENKER LLC (incorrectly named as
8   GUTHY-RENKER CORPORATION) and
    ROBSON SPLANE

9

10             **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12                    **WESTERN DIVISION**

13
    PILATES TECHNOLOGIES, LLC, a        CASE NO. 10-CV-6401 JHN (PJWx)
14  Delaware Corporation,
                                        **DEFENDANTS GUTHY-RENKER**
15                 Plaintiff,            **AND ROBSON SPLANE'S REPLY**
          vs.                           **MEMORANDUM IN SUPPORT**
16                                       **OF THEIR MOTION TO**
    GUTHY-RENKER CORPORATION, a         **DISMISS PLAINTIFF PILATES**
17  Delaware corporation; DAVID         **TECHNOLOGIES, LLC's**
    KRIEFF, an individual, and ROBSON   **COMPLAINT**
18  SPLANE, an individual,
                                        ***DECLARATION OF CHARLES***
19                 Defendants.           ***COURTENAY FILED***
                                         ***CONCURRENTLY HEREWITH***
20

21                                      Date:    November 1, 2010
                                        Time:    2:00 p.m.
22                                      Judge:   The Hon. Jacqueline H. Nguyen
                                                 Courtroom 790, Roybal
23                                               Building Los Angeles, CA
                                                 90012
24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   THE COMPLAINT SHOULD BE DISMISSED .......................................... 3

     A.   Pilates Technologies Concedes It Has Named the Wrong
          Entity ............................................................................................. 3

     B.   The Complaint Fails to Establish that Pilates
          Technologies Has Standing ............................................................ 3

          1.   The Alleged Assignment Is Insufficiently Pled ..................... 3

          2.   Pilates Technologies Lacks Standing to Pursue the
               Second, Third, Fourth, Fifth and Sixth Causes of
               Action Because They May Not Be Assigned ........................... 5

     C.   Pilates Technologies' Claims Are Preempted ...................................... 8

     D.   Pilates Technologies' Claims Are Time-Barred ............................... 11

          1.   The Correction of Inventorship Claim *Is* Subject to
               a Three-Year Limitations Period That Accrued at
               the Date of Filing ............................................................... 11

          2.   The Remaining Claims Are Similarly Time-Barred .............. 12

          3.   Pilates Technologies Fails to Plead Reliance Upon
               the Discovery Rule ............................................................. 13

     E.   The Complaint Is Insufficiently Pled............................................. 15

III.  CONCLUSION ...................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Accumiage Diagnostics Corp. v. Terarecon, Inc.*,
   260 F. Supp. 2d 941 (N.D. Cal. 2003)...............................................................10

*Advanced Cardiovascular Systems, Inc. v. Scimed Life*,
   988 F.2d 1157 (Fed. Cir. 1993) ........................................................................11

*AirDefense, Inc. v. AirTight Networks, Inc.*,
   2006 WL 2092053 (N.D. Cal. July 26, 2006) ....................................................8

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*,
   46 Cal. 4th 993 (2009)........................................................................................7

*Anderson v. Select Comfort Retail Corp.*,
   2010 U.S. Dist. LEXIS 65140 (E.D. Cal. June 28, 2010)................................15

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*,
   47 Cal. App. 4th 464 (1996)............................................................................10

*Ashcroft v. Iqbal*,
   ---U.S.---, 129 S.Ct. 1937 (2009) ...........................................................2, 4, 17

*Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*,
   2009 U.S. Dist. LEXIS 2667 (N.D. Cal. Jan. 7, 2009) ...................................10

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*,
   583 F.3d 832 (Fed. Cir. 2009) ...................................................................11, 15

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955 (2007) ......................................................2, 4, 17

*Callaway Golf Co. v. Dunlop Slazenger Group Americas*,
   318 F. Supp. 2d 216 (D. Del. 2004) ..................................................................8

*Dias v. Nationwide Life Ins. Co.*,
   700 F. Supp. 2d 1204 (E.D. Cal. 2010) ...........................................................12

*Digital Envoy Inc., v. Google, Inc.*,
   370 F. Supp. 2d 1025 (N.D. Cal. 2005) .............................................................8

*Drazan v. Atl. Mut. Ins. Co.*,
  2010 U.S. Dist. LEXIS 64345 (N.D. Cal. June 29, 2010) ................................ 7

*Farhang v. Indian Inst. of Tech.*,
  2010 U.S. Dist. LEXIS 53975 (N.D. Cal. June 1, 2010) ................................ 10

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
  569 F. Supp. 2d 929 (N.D. Cal. 2010) .......................................................... 9, 10

*Foley v. Bates*,
  2007 WL 1430096 (N.D. Cal. May 14, 2007) ................................................. 16

*Fox v. Ethicon Endo-Surgery, Inc.*,
  35 Cal. 4th 797 (2005) ............................................................................. 12, 14

*Giantceutical, Inc., v. Ken Marble, Inc.*,
  356 F. Supp. 2d 374 (S.D.N.Y. 2005) .............................................................. 4

*Hess v. Advanced Cardiovascular Sys., Inc.*,
  106 F.3d 976 (Fed. Cir. 1997) ........................................................................ 18

*HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*,
  600 F.3d 1347 (Fed. Cir. 2010) ...................................................................... 11

*In re World War II Era Japanese Forced Labor Litig.*,
  164 F. Supp. 2d 1160 (N.D. Cal. 2001) ........................................................... 11

*JRS Products, Inc. v. Matsushita Electric Corp. of America*,
  115 Cal. App. 4th 168 (2004) ......................................................................... 10

*Kapunakea Partners v. Equilon Enters. LLC*,
  679 F. Supp. 2d 1203 (D. Haw. 2009) .............................................................. 9

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................................... 16, 17

*Lauter v. Anoufrieva*,
  642 F. Supp. 2d 1060 (C.D. Cal. 2008) ........................................................... 14

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) .......................................................................... 3

*Mangini v. Aerojet-General Corp.*,
  230 Cal. App. 3d 1125 (1991), *superseded on other grounds*, 12
  Cal. 4 th 1087 (1996) ..................................................................................... 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS

*Mann v. Columbia Pictures, Inc.*,
   128 Cal. App. 3d 628 (1982) ........................................................................ 17

*McKelvey v. Boeing North American, Inc.*,
   74 Cal. App. 4th 151 (1999) ........................................................................ 14

*McLaughlin v. Nat'l Union Fire Ins. Co.*,
   23 Cal. App. 4th 1132 (1994) ........................................................................ 6

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ........................................................................ 16

*Morfin v. Accredited Home Lenders, Inc.*,
   2010 U.S. Dist. LEXIS 6831 (S.D. Cal. Jan. 26, 2010) ................................ 15

*Natron Corp. v. Schukra U.S.A., Inc.*,
   558 F.3d 1352 (Fed. Cir. 2009) .................................................................... 18

*PAI Corp. v. Integrated Sci. Solutions, Inc.*,
   2009 U.S. Dist. LEXIS 38833 (N.D. Cal. Apr. 23, 2009) .............................. 9

*Ramirez v. GMAC Mortg.*,
   2010 U.S. Dist. LEXIS 5377 (C.D. Cal. Jan. 12, 2010)................................. 4

*Roots Ready Made Garments v. Gap Inc.*,
   2007 U.S. Dist. LEXIS 81108 (N.D. Cal. Oct. 18, 2007).............................. 10

*Rokos v. Peck*,
   182 Cal. App. 3d 604 (1986) ................................................................. 5, 6, 7

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ........................................................ 15

*TMX Funding, Inc. v. Impero Techs., Inc.*,
   2010 U.S. Dist. LEXIS 60260 (N.D. Cal. June 8, 2010) ............................... 16

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003).................................................................. 15, 16

## STATUTES

35 U.S.C. § 116 ................................................................................................ 11

35 U.S.C. § 256 ................................................................................................ 11

1

8 Del. Code § 278 ...................................................................................... 3

2

Cal. Civ. Code § 3426 ............................................................................... 8

3

Cal. Civ. Proc. Code § 338(c) ................................................................. 11

4

5

## RULES

6

Fed. R. Civ. P. 8(a) ................................................................................... 17

7

Fed. R. Civ. P. 9(b) ................................................................................... 15

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## INTRODUCTION

Pilates Technologies' Opposition (the "Opposition," Dkt. No. 15) fails to overcome the numerous deficiencies established by Guthy-Renker and Splane in their Motion to Dismiss (the "Motion," Dkt. No. 7).  As a result, the Complaint should be dismissed in its entirety, and with prejudice.

At the outset of the Opposition, Pilates Technologies acknowledges that it named the wrong Guthy-Renker entity, but says this should not matter.  It then argues that, even in this post-*Iqbal*/*Twombly* world, it need not plead any specifics of the purported assignment to it of the various claims of various individuals who allegedly came up with some unspecified ideas relating to an exercise chair embodied in some undisclosed drawings.  It further argues that – assuming a proper assignment to begin with – the state law claims, all of which Pilates Technologies argues are contractual in nature in an ill-conceived effort to avoid preemption, were assignable because they are not of a personal nature.  Pilates Technologies then argues that none of the claims are time-barred because this is a factually specific question that it claims cannot be determined based on the pleadings; and further, that the pleadings themselves are sufficient even under the applicable *Iqbal*, *Twombly*, and Rule 9(b) standards.

Pilates Technologies' arguments should be rejected.  Even aside from having named the wrong Guthy-Renker entity, Pilates Technologies has failed to include sufficient allegations regarding the purported threshold assignment (which is particularly suspicious given a pre-filing draft complaint that showed three completely different assignees of the purported claims).  Even more importantly, Pilates Technologies' repeated reference to implied promises about ideas (albeit unspecified) relating to a chair confirms that five of the six causes of action it claims to have been assigned (*i.e.*, all of the state law claims) are nothing more than non-assignable claims of a personal nature, requiring their dismissal.

1        Pilates Technologies also fails entirely to rebut that all of its state law

2  claims, other than its *Desny*/breach of an implied contract claim (which is not

3  challenged on this basis), are preempted by the California Uniform Trade Secrets

4  Act ("CUTSA"). Pilates Technologies' argument that the claims are not

5  preempted because they are all breach of contract (and not misappropriation-type)

6  claims is false on the face of the pleadings. Moreover, Pilates Technologies cannot

7  be permitted to avoid preemption by arguing that all of the other claims are just

8  variations of its existing breach of implied contract claim (the *Desny* claim), not

9  only because the assertion is belied by the pleadings, but because case law is clear

10  that such a claim cannot be multiplied into additional causes of action for

11  "different flavors" of purported breach of an implied contract. For this reason

12  alone, Pilates Technologies' non-*Desny* state law claims should be dismissed with

13  prejudice.

14        All of the asserted claims are also time-barred. Pilates Technologies'

15  assertion that this question can be fact-intensive does not change the fact that, as

16  pleaded, all of its purported claims accrued, at the latest, in August 2005, when the

17  initial patent application was filed and thus, on the face of the Complaint, the

18  claims are barred by the applicable statutes of limitations. To avoid this result,

19  Pilates Technologies points to its allegation that its purported assignors only

20  discovered the claims "fortuitously" in 2009. However, the Complaint is entirely

21  inadequate for this purpose and the allegations pled are wholly insufficient to allow

22  reliance upon the discovery rule, again requiring dismissal.

23        Finally, Pilates Technologies' claims also fail because the Complaint

24  fails to state a single plausible claim for relief under the *Twombly* and *Iqbal*

25  decisions or the heightened pleading standards for claims for fraud, statutory unfair

26  competition and misappropriation. Indeed, the Complaint not only fails to include

27  any specifics of the alleged assignment or the purported "ideas and designs" that

28  supposedly were included in the patent and the exercise chair, but it also fails to

1  include any of the requisite specificity regarding a number of the necessary

2  elements of the purported *Desny* implied contract claim and the purportedly

3  fraudulent representations.  For these additional reasons, these claims must be

4  dismissed.

**II.**

**THE COMPLAINT SHOULD BE DISMISSED**

**A.**     **Pilates Technologies Concedes It Has Named the Wrong Entity**

Pilates Technologies concedes that it has failed to name the correct Guthy-Renker entity.  It argues, however, that Delaware law permits it to name a Delaware corporation as a defendant in a lawsuit for up to three years after its dissolution.  (Opposition at 2.)  Not only is Delaware law not relevant to this analysis, the argument entirely misses the point: Guthy-Renker Corporation has not "expire[d] by [its] own limitation or [been] otherwise dissolved," it has been converted into Guthy-Renker LLC.  8 *Del. Code* § 278; RJN, Ex. A.  The authority cited is thus entirely off point and Pilates Technologies has simply named the wrong entity.  Under California law, the Complaint must be dismissed as to Guthy-Renker.  *Lopez v. Smith*, 203 F.3d 1122, 1133 n.16 (9th Cir. 2000).

**B.**     **The Complaint Fails to Establish that Pilates Technologies Has Standing**

**1.**     **The Alleged Assignment Is Insufficiently Pled**

The Moving Defendants demonstrated that the alleged assignment was insufficiently pled because all the Complaint alleged was that "Presser, Zimmerman and Harilela have assigned any interest they have in Zimmerman's ideas and designs…and the subject matter of this lawsuit to Plaintiff."  (Compl. ¶ 38.)  Pilates Technologies does not refute that the pleaded allegations are, at best, wholly insubstantial, rather it contends simply that this conclusory statement must be sufficient because "these allegations are taken as true."  (Opposition at 2.)

1         As the Moving Defendants demonstrated in their Motion, the bald

2    assertions that Pilates Technologies has taken an assignment of "the subject matter

3    of this lawsuit," and that Pilates Technologies' "predecessors-in-interest

4    assigned…all of their rights in the pilates chair designs and ideas" to Pilates

5    Technologies, are grossly vague, unspecific, and wholly insufficient to establish

6    that Pilates Technologies has the standing to pursue these claims.[1]  *See Ashcroft v.*

7    *Iqbal*, ---U.S.---, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550

8    U.S. 544, 127 S.Ct. 1955, 1965 (2007); s*ee also Ramirez v. GMAC Mortg.*, 2010

9    U.S. Dist. LEXIS 5377, at *5-*6 (C.D. Cal. Jan. 12, 2010).

10        The minimal allegations in the Complaint raise additional concerns in

11   this case, because they provide no detail as to what was actually assigned.  The

12   "subject matter of this lawsuit" could mean any number of things, and is certainly

13   not an identification of the specific rights and/or causes of action upon which

14   Pilates Technologies now seeks to rely.  *See Giantceutical, Inc., v. Ken Marble,*

15   *Inc.*, 356 F. Supp. 2d 374, 377-78 (S.D.N.Y. 2005) (plaintiff-assignee lacked

16   standing to pursue patent infringement claim because assignment did not make

17   clear which legal claims he could allegedly pursue; a document that shows that the

18   assignor "assigned some interest" to the purported assignee does not effect a valid

19   assignment because "it is impossible for [a] [c]ourt to determine the extent of the

20   assignment.").  Thus, on this basis alone, the Complaint should be dismissed.

21

22   _____

23   [1]        It is particularly important here that Pilates Technologies provide more than
     merely conclusory allegations that an assignment took place because, prior to filing
     the Complaint, Plaintiff's counsel created a draft complaint that named *entirely*

24   *different purported assignees* of the claims.  See Motion, at 6, n. 4; see also
     Declaration of Charles Courtenay ("Courtenay Decl."), filed herewith, at Ex. A.

25   That draft asserted that "Aragon, Presser International and Joelwire (collectively
     "Plaintiffs") are the owners of any and all rights that Harry Zimmerman, Mark

26   Presser and David Harilela have or may have had in the subject matter of this
     lawsuit" (*id.,* ¶ 8; and see Courtenay Decl., Ex. A at ¶ 42), raising the obvious

27   question as to whether Messrs. Zimmerman, Presser and Harilela had any rights to
     assign to Pilates Technologies.

28

1

2.   **Pilates Technologies Lacks Standing to Pursue the Second, Third, Fourth, Fifth and Sixth Causes of Action Because They May Not Be Assigned**

2

3

4   In *Rokos v. Peck*, 182 Cal. App. 3d 604 (1986), the California Court

5   of Appeal recognized the general rule that clear and existing breach of contract

6   claims are often assignable.  Pilates Technologies' attempt to rely on this "general

7   rule" and on the *Rokos* holding is, however, unpersuasive and incorrect, because all

8   of the state law claims asserted here arise out of the personal nature of purported

9   representations regarding ideas and drawings of an exercise chair.  Under *Rokos*,

10  such claims are *not* assignable.

11  In *Rokos*, the court made unmistakably clear when it affirmed a

12  judgment on the pleadings in defendants' favor (on the grounds that the plaintiff

13  lacked standing to pursue her claims for breach of an implied contract and breach

14  of confidence based on the disclosure of various ideas for a script), that such

15  claims for breach of confidence and breach of an implied contract may not be

16  assigned, because they "bear[] upon the relationship between the individual

17  parties[,] [making] breaches of such agreements actionable between parties

18  because of the nature of their *personal relationship*."  182 Cal. App. 3d at 618

19  (emphasis in the original).  Any detailed reading of *Rokos* reveals that the

20  relationships that were at issue between those "who had conveyed their…ideas to

21  persons seeking to sell and/or produce the work" are exactly correspondent to the

22  alleged relationship between Messrs. Zimmerman and Presser and Mr. Krieff.  *Id.*

23  at 617.  Claims arising from such relationships are simply not assignable.  As the

24  *Rokos* court stated, "the purported assignment of various interests" in such work

25  does not "give[] the assignees the right to pursue a cause of action for breach of an

26  implied-in-fact contract."  *Id.* at 616

27  Contrary to Pilates Technologies' assertion, the *Rokos* court never

28  stated that a breach of confidence claim can be assigned in the same manner as a

1   breach of contract claim.  (Opposition at 5-6.)  In fact, the *Rokos* court held that the

2   assignability of a breach of confidence claim must be viewed in the same way as

3   the assignability of a breach of an implied-in-fact contract claim; and it ultimately

4   determined that, in the context of a disclosure of ideas, *neither could be assigned.*

5   The *Rokos* court made clear that a cause of action for breach of confidence

6   "focuses on the nature of the personal relationship existing between the original

7   parties to the agreement" and thus is unassignable for the simple reason that,

8   because the plaintiff had no contact with the defendants, she could not assert a

9   claim that the defendants "had somehow breached their obligation to her."  182

10  Cal. App. 3d at 619.  Pilates Technologies does not and cannot claim any personal

11  relationship with the Defendants from which its claims for breach of confidence

12  and breach of implied contract arise and thus it cannot assert that Defendants

13  breached any obligation that was owed to it personally.  Its only basis for asserting

14  these claims is by virtue of the alleged assignment, which is impermissible.

15          With respect to the fifth cause of action for fraud, as Pilates

16  Technologies' own authority makes clear, a fraud claim that is "unconnected to

17  any property or thing which had itself a legal existence and value independent of

18  the right to sue for fraud" may not be assigned.  *See McLaughlin v. Nat'l Union*

19  *Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1148 (1994).  This is fatal to Pilates

20  Technologies' fraud claim because, according to the Opposition, the fraud claim

21  is only based upon Pilates Technologies' breach of implied contract claim,

22  which itself is unassignable and is thus of no independent value.  (Opposition at

23  11.)  Pilates Technologies claims that its fraud claim is assignable because

24  "Defendants' fraud led to breaches of Defendants' obligations to compensate

25  Pilates Tech." and because Zimmerman, Presser and Harilela "assigned it along

26  with all of their rights in the pilates chair ideas and designs."  (Opposition at 4.)

27  This amounts merely to an argument that Defendants allegedly breached a

28  promise to Zimmerman, Presser and Harilela.  Because Pilates Technologies

1   claims no personal relationship with the Defendants from which its fraud claim

2   arises, its fraud claim also may not be assigned.  *Rokos*, 182 Cal. App. 3d at 618-

3   19.[2]

4          Similarly, Pilates Technologies' contention that *Drazan v. Atl. Mut.*

5   *Ins. Co.*, 2010 U.S. Dist. LEXIS 64345, *7-*8 (N.D. Cal. June 29, 2010) and

6   *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th

7   993 (2009), involved "naked" causes of action and therefore do not preclude

8   Pilates Technologies from having standing to pursue its unfair competition claim is

9   unavailing.  (Opposition at 6-7.)  In *Drazan*, the plaintiff alleged that he was an

10  assignee of an insurance policy, which gave him the right to sue on the insured's

11  behalf.  2010 U.S. Dist. LEXIS 64345 at *2.  The court still dismissed the

12  plaintiff's unfair competition claim *without* leave to amend because the plaintiff, as

13  an assignee, had not suffered an injury and therefore lacked standing to pursue that

14  claim.  *Id.* at *7-*8.  In *Amalgamated*, a union alleged that defendants' employees

15  had assigned to the union their rights to sue for unfair competition based on the

16  defendants' alleged failure to provide meal and rest periods.  46 Cal. 4th at 999-

17  1000.  In affirming the lower court's decision that the union, as an assignee, lacked

18  standing to pursue those claims, the court made unmistakably clear that to confer

19  standing on the uninjured assignee would be "in direct violation of the express

20  statutory requirement in the unfair competition law . . . that a private action under

21  that law be brought *exclusively* by a person who has suffered injury in fact and has

22  lost money or property as a result of the unfair competition."  *Id.* at 1002-03

23  (emphasis in the original) (internal citations and quotations omitted).  These cases

24  firmly establish that Pilates Technologies lacks standing to pursue its unfair

25  competition claim because as an "assignee" of Presser, Zimmerman and Harilela's

26

27  [2]      Moreover, the purported reference to unspecified "ideas and drawings" is

28  insufficient to establish any independent property right to begin with.

1    purported rights, it has not suffered injury or "lost money or property" as a result

2    of Defendants' allegedly fraudulent business conduct.

3            Pilates Technologies' second through sixth causes of action are thus

4    un-assignable and must be dismissed with prejudice (and without leave to amend),

5    even if Pilates Technologies could establish that an assignment was made.

6            **C.    Pilates Technologies' Claims Are Preempted**

7            The Moving Defendants established that Pilates Technologies'

8    second, third, fifth and sixth causes of action are preempted by the California

9    Uniform Trade Secrets Act ("CUTSA") (Cal. Civ. Code § 3426, *et seq.*).  *See*

10   *AirDefense, Inc. v. AirTight Networks, Inc.*, 2006 WL 2092053, at *3 (N.D. Cal.

11   July 26, 2006); *Digital Envoy Inc., v. Google, Inc.*, 370 F. Supp. 2d 1025, 1033,

12   1035 (N.D. Cal. 2005); *Callaway Golf Co. v. Dunlop Slazenger Group Americas*,

13   318 F. Supp. 2d 216, 219-20 (D. Del. 2004).

14           Pilates Technologies attempts to avoid preemption by arguing that its

15   non-*Desny* state law claims are all "based on Defendants' breach of contractual

16   obligations that do not depend on whether the ideas were secrets."  (Opposition at

17   10.)  What it transparently is attempting to do is argue that its various additional

18   claims are nothing more than variations on its contract claim – the one claim that is

19   not subject to CUTSA preemption – such that they are similarly exempt from

20   CUTSA's preemptive effect.  The Opposition provides a detailed analysis of how

21   each one of Pilates Technologies' additional claims is purportedly based not upon

22   Defendants' independently tortious conduct, but on breach of contract.  "Pilates

23   Tech.'s claim for common law unfair competition is not preempted…because

24   Defendants breached their contractual obligation to pay for the ideas and designs.

25   Pilates Tech.'s claim for breach of confidence is not preempted…because

26   Defendants breached their obligation to compensate Pilates Tech.  Pilates Tech.'s

27   fraud claim is not preempted because it is based on Defendants' promise….Finally,

28

1    Pilates Tech.'s §17200 claim is based on…the acts described above."  (Opposition

2    at 11.)

3              Pilates Technologies' arguments in this regard do not change the fact

4    that all of these claims are based on the alleged disclosure (and use) of unspecified

5    ideas that were allegedly to be held in confidence.  Indeed, the very name of the

6    third cause of action ("Common Law Unfair Competition – Misappropriation"),

7    together with the consistent and similar way all of these actions were pleaded,

8    leads to the inexorable conclusion that all these claims are in fact in the nature of

9    misappropriation claims and are thus preempted.  See Motion, Dkt. 7, at 9-11.

10   Moreover, if it were true, as Pilates Technologies now argues, that all of these

11   claims are just variations of its *Desny* contract claim, this would be entirely

12   impermissible, as a plaintiff may not proliferate a *Desny* claim into various

13   additional claims in order to broaden its attack.  A claim that alleges "nothing

14   beyond a simple breach of contract…is inadequate" to support another cause of

15   action.  *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F.

16   Supp. 2d 929, 937 (N.D. Cal. 2010) (finding a plaintiff's breach of confidence

17   claim failed where it alleged nothing beyond a breach of contract claim);[3] *see also*

18   *PAI Corp. v. Integrated Sci. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 38833, at *48

19   (N.D. Cal. Apr. 23, 2009) (holding that defendants were entitled to a judgment as a

20   matter of law on plaintiff's tort claim because that claim was premised on a breach

21   of contractual obligations rather than on a tort); *Kapunakea Partners v. Equilon*

22   *Enters. LLC*, 679 F. Supp. 2d 1203, 1219 (D. Haw. 2009) (holding that to the

23   extent the plaintiff's tort claim is "premised on a mere breach of contract, the Court

24   is inclined to dismiss the claim as a matter of law"); *Roots Ready Made Garments*

25

26   [3]      The *First Advantage* court held that a breach of confidence claim was

27   primarily preempted by CUTSA, because it alleged the same factual allegations as a common law misappropriation claim (which was also preempted by CUTSA).

28   569 F. Supp. 2d at 936.

1   *v. Gap Inc.*, 2007 U.S. Dist. LEXIS 81108, at *10 (N.D. Cal. Oct. 18, 2007)

2   (dismissing the plaintiff's tort claim and holding that "a plaintiff cannot not (sic)

3   simply present evidence of a breach of contract and use the same activity to

4   recover tort damages. . . ."); *JRS Products, Inc. v. Matsushita Electric Corp. of*

5   *America*, 115 Cal. App. 4th 168, 180 (2004) (holding that where the conduct at

6   issue is, in essence, a breach of contract, such conduct may not provide the basis

7   for tort liability); *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal.

8   App. 4th 464, 479 (1996) (a "contracting party's unjustified failure or refusal

9   to perform is a breach of contract, and cannot be transmuted into tort liability.").

10          As is thus apparent, if Pilates Technologies is permitted to argue that

11   preemption does not apply because its second, third, fifth and sixth causes of action

12   are premised solely on breach of contract, those claims must fail and be dismissed

13   with prejudice because, as demonstrated above, it is impermissible to propagate all

14   of these different flavors of the same claim.  Of course, because, as pleaded, those

15   claims focus on a purported misappropriation and thus stand separate and apart

16   from the *Desny* claim, they are each preempted and should be dismissed.  *See First*

17   *Advantage*, 569 F. Supp. at 936-37 (granting the defendants' motion to dismiss the

18   plaintiff's breach of confidence claim because it was preempted under the

19   CUTSA); *Accumiage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941,

20   953-54 (N.D. Cal. 2003) (dismissing *with prejudice* the plaintiff's common law

21   misappropriation claim because it was superseded by CUTSA); *Farhang v. Indian*

22   *Inst. of Tech.*, 2010 U.S. Dist. LEXIS 53975, at *36-*37 (N.D. Cal. June 1, 2010)

23   (dismissing the plaintiff's fraud claim with prejudice because it was preempted by

24   CUTSA); *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*, 2009 U.S. Dist. LEXIS 2667,

25   at *4, *14-*15 (N.D. Cal. Jan. 7, 2009) (dismissing the plaintiff's Section 17200

26   claim as preempted by CUTSA because it related to the same nucleus of facts

27   underlying the plaintiff's misappropriation claim).

28

D.     **Pilates Technologies' Claims Are Time-Barred**

1.     **The Correction of Inventorship Claim *Is* Subject to a Three-Year Limitations Period That Accrued at the Date of Filing**

Pilates Technologies asserts that, because 35 U.S.C. § 256 does not expressly limit the time during which inventorship can be corrected, there can be no limitations period applicable to such a claim.  (Opposition at 13.)  This is not true.  As established in the Motion, when a cause of action under federal civil law does not have a directly applicable limitations period, a period may be borrowed. *In re World War II Era Japanese Forced Labor Litig.*, 164 F. Supp. 2d 1160, 1179 (N.D. Cal. 2001).  For correction of inventorship claims, at least two Federal Circuit decisions agree that the appropriate limitations period to be considered is that applicable to conversion of personal property, which, under California law, is three years. *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 583 F.3d 832, 846 n. 2. (Fed. Cir. 2009); *Advanced Cardiovascular Systems, Inc. v. Scimed Life*, 988 F.2d 1157, 1163 (Fed. Cir. 1993); Cal. Civ. Proc. Code § 338(c).  Pilates Technologies' first cause of action is thus subject to a three year limitations period.

Pilates Technologies' argument that a correction of inventorship claim does not accrue until a patent issues is similarly without basis.  *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, establishes only that 35 U.S.C. § 116 provides no private right of action to challenge inventorship of a pending patent application, it does not establish any such prohibition for claims under 35 U.S.C. § 256.  600 F.3d 1347, 1353-54 (Fed. Cir. 2010).  Indeed, case law is clear that, where an alleged co-owner claims ownership of an invention and has reason to know of a pending patent application, the cause of action accrues at the date of the application. *Roche Molecular Sys.*, 583 F.3d at 848 (internal citation omitted.).  Such is the case here,

1    and thus Pilates Technologies' first cause of action accrued in August 2005 and its

2    three year limitations period has expired.

3                    **2.    The Remaining Claims Are Similarly Time-Barred**

4                    Pilates Technologies does not contest that its other claims are subject

5    to the limitations periods set forth in the Motion of between two and four years.

6    (Motion at 13-15.)  Instead, Pilates Technologies seeks to avoid the obvious time-

7    bar by asserting that the questions involved in a limitations analysis are fact

8    intensive, and that its claims are timely for any one of a number of different

9    reasons: (a) they did not accrue until 2009, or (b) even if they accrued earlier, the

10   statutes of limitations did not begin to run until 2009, or (c) they could not have

11   accrued in 2005 or 2007, or (d) even if they did accrue in 2005, Pilates

12   Technologies is entitled to rely upon the discovery rule.  (Opposition at 14-21.)

13   This medley of arguments is offered in an effort to obfuscate and avoid the obvious

14   statute bar that is clear on the face of Pilates Technologies' Complaint.

15                   The facts established by the Complaint (which are accepted as true

16   only for the purpose of the Motion) are that Messrs. Zimmerman and Presser met

17   with Mr. Krieff on December 6, 2004 and presented him with their "ideas and

18   designs" so that he would provide them to Guthy-Renker.  Messrs. Zimmerman

19   and Presser allegedly knew that Mr. Krieff was planning to present their designs to

20   Guthy-Renker and were on constructive notice of the fact that such designs may be

21   used (if at all) shortly thereafter.  (Compl. ¶¶ 23, 24.)  Sure enough, within a matter

22   of months, if the allegations are true (which they are not), their designs were

23   incorporated into the Malibu Pilates® Chair and became subject to U.S.

24   Provisional Application No. 60/706,983, which was filed on August 10, 2005.

25   (Defendants' Request for Judicial Notice, Dkt. No. 8 ("RJN"), Ex. B.)  Pilates

26   Technologies' claims thus accrued, at the latest, on or before that date, and thus the

27   claims are *prima facie* barred by the applicable statutes of limitations.  *Dias v.*

28

1  *Nationwide Life Ins. Co.*, 700 F. Supp. 2d 1204, 1222-23 (E.D. Cal. 2010) (citing

2  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)).

3           Remarkably, rather than contest this chain of events, Pilates

4  Technologies effectively endorses its accuracy in the Opposition when it asserts

5  that its claims are "generally based on two categories of misconduct by the

6  Defendants: (1) incorporating ideas and designs into the Malibu Pilates Chair

7  without paying for them; and (2) obtaining patents on these ideas and designs,

8  without paying for them and without naming Zimmerman as an inventor."

9  (Opposition at 14.)  These contentions demonstrate that the alleged misconduct, if

10 it occurred at all, occurred on or before the filing of the patent application and thus

11 Pilates Technologies effectively concedes that the claims accrued more than five

12 years before the Complaint was filed.  Its causes of action are therefore barred and

13 must be dismissed with prejudice.[4]

14      **3.    Pilates Technologies Fails to Plead Reliance Upon the**

15           **Discovery Rule**

16           Faced with a clear time-bar to its claims,  Pilates Technologies

17 effectively concedes that the only way to avoid this result is to plead and prove the

18 application of the discovery rule.  It seeks to do that and asserts that it has "easily

19 met the standard" by providing "detailed factual allegations establishing that

20 Zimmerman and Presser did not know, and *could not have known*, of their injury

21 until 2009."  (Opposition at 21) (emphasis added).  A quick review of Pilates

22 Technologies' pleading in comparison with the requisite standard shows that the

23 _____

24 [4]      Pilates Technologies argues in the alternative that its breach of contract
   claim is based upon an "ongoing contractual obligation, such as paying royalties,

25 [so that the limitation period] does not begin to run until it elects to treat the breach
   as terminating the contract."  (Opposition at 19-20.)  This argument is wholly

26 without basis and only emphasizes the extent to which the Complaint fails to state
   the claims Pilates Technologies purports to be asserting.  Pilates Technologies'

27 contract claim is based upon an implied/inferred contract, and at no point does the
   Complaint set forth any terms relating to "ongoing contractual obligations, such as

28 paying royalties."  (Compl. at 10-11.)

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS

1   Complaint does no such thing.  The standard requires that a plaintiff seeking to

2   avail itself of the discovery rule must "specifically plead facts to show (1) the time

3   and manner of discovery *and* (2) the inability to have made earlier discovery

4   despite reasonable diligence."  *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797,

5   808  (2005) (citing *McKelvey v. Boeing North American, Inc*., 74 Cal. App. 4th

6   151, 160 (1999)) (emphasis in the original).[5]  In stark contrast, Pilates

7   Technologies' Complaint merely states that "Zimmerman and Presser were not

8   aware, and had no reason to suspect, that Guthy-Renker had begun marketing a

9   pilates chair that used Zimmerman's ideas and designs until Zimmerman

10   fortuitously learned of the Malibu Pilates Chair in the fall of 2009."  (Compl. ¶ 34.)

11           Read in such proximity with the test it is seeking to satisfy, the

12   insufficiency of this pleading becomes even more apparent.  There is no

13   explanation as to *why* Zimmerman and Presser "had no reason" to suspect that

14   Guthy-Renker had begun marketing a pilates chair and, given that they were

15   allegedly expecting their ideas to be presented to Guthy-Renker in the near future,

16   the pleading is wholly inadequate to show "that, despite diligent investigation of

17   the circumstances of the injury, [plaintiff] could not have reasonably discovered

18   facts supporting the cause of action within the applicable statute of limitations

19   period."  *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1099 (C.D. Cal. 2008).

20   Other than to say that "Zimmerman fortuitously learned of the Malibu Pilates

21   Chair in the fall of 2009," both the Complaint and the Opposition are entirely silent

22   as to "when and how [Zimmerman] discovered [that his] alleged injuries were

23   caused by defendant[s'] [conduct]," and they fail "to provide any facts to support

24   

25   ---

26   [5]      In seeking to establish this proposition, the Motion mistakenly cited *Micrel Inc., v. Monolithic Power Sys., Inc.*, 2005 WL 6426678 (N.D. Cal. Dec. 9, 2005). This decision, which is only found in the electronic law reports Westlaw and Lexis, is marked Not For Citation.  Defendants overlooked this at the time, and hereby withdraw their reliance upon this case and apologize for its citation in the Motion. All propositions for which the case was cited are amply supported in reported cases that are cited alongside.

27   

28

1   an assertion as to why [Zimmerman and Presser] could not have discovered" the

2   information earlier.  *Anderson v. Select Comfort Retail Corp.*, 2010 U.S. Dist.

3   LEXIS 65140, at *4 (E.D. Cal. June 28, 2010).[6]  Pilates Technologies simply has

4   not satisfied its burden to show diligence, and its "conclusory allegations will not

5   withstand a motion to dismiss."  *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d

6   1111, 1132 (N.D. Cal. 2009).[7]

7       **E.**    **The Complaint Is Insufficiently Pled**

8           The Moving Defendants further demonstrated that all of Pilates

9   Technologies' claims are insufficiently pled and therefore the Complaint must be

10  dismissed for this additional reason as well.

11          Pilates Technologies does not dispute that its fraud claim is subject to

12  Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)").  *Morfin v.*

13  *Accredited Home Lenders, Inc.*, 2010 U.S. Dist. LEXIS 6831, at *23 (S.D. Cal.

14  Jan. 26, 2010).  This sets a very high bar for Pilates Technologies' fraud claim, as

15  it must (a) establish "the who, what, when, where, and how of the misconduct

16  charged," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); (b)

17

18  ---

[6]    The Opposition rather plaintively asserts, without citation, that "Zimmerman and Presser could not have learned of the Defendants' misconduct earlier because Defendants concealed their actions from Zimmerman and Presser."  (Opposition at 21.)  Given that the patent was published in early 2007 and Guthy-Renker began marketing the Malibu Pilates® Chair nationwide later in 2007, it is hard even to imagine how anything was "concealed."

[7]    In connection with its discovery rule arguments, Pilates Technologies devotes a considerable portion of its brief to a discussion of whether or not the publication of the patent application provided constructive notice to Pilates Technologies as a matter of law, such that the applicable statutes of limitation were triggered *per se* on February 15, 2007.  (Opposition, 17-19.)  Pilates Technologies entirely misses the point, which is not that the patent's publication gave constructive notice as a matter of law, but rather that a reasonably prudent person in the position of Messrs. Zimmerman and Presser would, based on the allegations of the Complaint, have had "a duty to investigate further and [are] charged with knowledge of matters which would have been revealed by such an investigation." *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1150 (1991), *superseded on other grounds*, 12 Cal. 4th 1087 (1996); *see also Roche Molecular Sys.*, 583 F.3d at 847-48.

1    "set forth what is false or misleading about a statement, and why it is false," *id.*;

2    and (c) specify the alleged fraudulent representations, allege details establishing

3    that the statements were false when made, and state the manner in which the

4    representations or omissions were false and misleading. *See Foley v. Bates*, 2007

5    WL 1430096, at *11 (N.D. Cal. May 14, 2007).

6            Pilates Technologies' Complaint simply does not do this and its

7    Opposition takes no steps to remedy the deficiency.  Instead, Pilates Technologies

8    contends that its fraud claim is sufficiently pleaded simply because the formulaic

9    recitations of fraud it made in the Complaint must be accepted as true.  (Opposition

10   at 22-23.)  Pilates Technologies has effectively conceded that it cannot identify *any*

11   statement by Defendants, much less a "false" statement giving rise to a fraud

12   claim.  Given that Pilates Technologies' speculative and conclusory allegations do

13   not satisfy the heightened pleading requirements of Rule 9(b), its fraud claim must

14   be dismissed. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540

15   (9th Cir. 1989); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.

16   2009).

17           Pilates Technologies argues that its statutory unfair competition and

18   misappropriation[8] claims are sufficiently pled for the same reasons that its fraud

19   claim is sufficiently pled, and also argues that these claims are not subject to any

20   heightened pleading requirement.  (Opposition at 23.)  However, the Motion

21   conclusively showed that the heightened pleading requirements of Rule 9(b) apply

22   to claims for relief under Section 17200 of the sort alleged in the Complaint.

23   *Kearns*, 567 F.3d at 1120.  Similarly, a complaint for misappropriation must be

24   pled with particularity. *See TMX Funding, Inc. v. Impero Techs., Inc.*, 2010 U.S.

25   Dist. LEXIS 60260, at *7-*8 (N.D. Cal. June 8, 2010) (internal citations omitted).

26

27   [8]    Pilates Technologies never actually addresses its misappropriation claim, but rather alleges that its "common law unfair competition claim" is sufficiently pled.

28   (Opposition at 23.)

1    Thus, given that Pilates Technologies has not provided even the most basic factual

2    allegations to support these claims, such as an identification of the "ideas and

3    designs" allegedly misappropriated, both claims must be dismissed. *Kearns*, 567

4    F.3d at 1127-28.

5         Similar deficiencies are found in the *Desny* claim.  Under Rule 8(a) of

6    the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise

7    a right to relief above the speculative level" such that there are "enough facts to

8    state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555;

9    *Iqbal*, 129 S.Ct. at 1953 (affirming application of Rule 8 pleading standard in

10   *Twombly*).  This means that the Complaint must plead "factual content that allows

11   the court to draw the reasonable inference that the defendant is liable for the

12   misconduct alleged," *Iqbal*, 129 S.Ct. at 1949, and must contain enough factual

13   matter "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

14   555.  Withstanding dismissal "requires a 'showing,' rather than a blanket assertion,

15   of entitlement to relief." *Id.* at 556 n.3.  Accordingly, a *Desny* claim requires, *inter*

16   *alia*, that the "plaintiff condition his or her submission on the defendant's

17   obligation to pay for the ideas if they are used." *Mann v. Columbia Pictures, Inc.*,

18   128 Cal. App. 3d 628, 647 n.6 (1982).  As Defendants demonstrated in their

19   Motion, Pilates Technologies provides no detail as to any actual promise that was

20   made, and merely cites in support of its allegations an email in which David Krieff

21   acknowledged that certain design ideas belonged to Messrs. Zimmerman and

22   Presser.  (Motion at 21-22, RJN, Ex. C.)  At no point does Pilates Technologies

23   plead the details of any promise (express or implied) by any Defendant to pay for

24   those ideas should they be used.  As *Twombly* and *Iqbal* make clear, this is

25   insufficient to form the basis of a *Desny* claim.  The fourth claim should therefore

26   be dismissed.

27         Finally, Pilates Technologies' first cause of action (correction of

28   inventorship) is premised solely upon the conclusory allegation that "Zimmerman

1   contributed in a significant manner to the conception of the inventions disclosed

2   and claimed in the '030 patent." (Comp. ¶ 42.)  However, the Complaint does not

3   describe or identify any elements of the claimed invention that Zimmerman or

4   Presser allegedly conceived, or why those elements are significant to the claimed

5   invention.[9]  As a result, the correction of inventorship claim should, along with the

6   other claims, be dismissed under *Twombly* and *Iqbal*.

7                                                    **III.**

8                                          **CONCLUSION**

9                     For the foregoing reasons, Guthy-Renker and Robson Splane

10   respectfully request that the Court dismiss the Complaint, and all of the causes of

11   action alleged therein, with prejudice, and without leave to amend.

12

13   Dated:  October 19, 2010                    Respectfully submitted,

14                                                       LATHAM & WATKINS LLP
                                                         Mark A. Flagel
15                                                       Charles Courtenay
                                                         Jessica Kronstadt
16
                                                         By  /s/ Mark A. Flagel
17                                                       _____

18                                                            Mark A. Flagel
                                                         Attorneys for Moving Defendants Guthy-
19                                                       Renker LLC (erroneously named as
                                                         Guthy-Renker Corporation) and Robson
20                                                       Splane.

21

22

23

24   _____

     [9]        Given that the Opposition merely recites the conclusory allegations stated in
25   the Complaint, Pilates Technologies will not be able to sustain its claim for
     correction of inventorship.  *See Natron Corp. v. Schukra U.S.A., Inc.*, 558 F.3d
26   1352, 1356, 1359 (Fed. Cir. 2009) (a party alleging a claim for correction of
     inventorship must "meet the heavy burden of proving its case by clear and
27   convincing evidence.") (internal citation omitted); *Hess v. Advanced
     Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997) (same).
28