# EXHIBIT A

Joseph R. Re (SBN 134,479)
joseph.re@kmob.com
Benjamin A. Katzenellenbogen (SBN 208,527)
bkatzenellenbogen@kmob.com
Dennis M. Cahillane (SBN 270,092)
dennis.cahillane@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiffs
ARAGON MANAGEMENT, LLC,,
PRESSER INTERNATIONAL, LLC, and
JOELWIRE LLC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAGON MANAGEMENT, LLC, a Florida Corporation; PRESSER INTERNATIONAL LLC. a California Corporation; and JOELWIRE LLC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GUTHY-RENKER CORPORATION, a Delaware Corporation.<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR CORRECTION OF INVENTORSHIP; BREACH OF CONFIDENCE; MISAPPROPRIATION; BREACH OF IMPLIED CONTRACT; TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS; AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Aragon Management, Presser International, LLC and Joelwire, LLC, and for their Complaint against Defendant Guthy-Renker Corporation, allege as follows:

## I. JURISDICTION AND VENUE

1. This Complaint is for claims to correct inventorship on an issued United States patent, arising under the United States patent laws, 35 U.S.C. § 101 *et seq.* and for various state law causes of action arising out of the same series of transactions and occurrences.

2. This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a), as this is an action arising under at least 35 U.S.C. § 256. This Court also has supplemental jurisdiction over the non-patent claims under 28 U.S.C. § 1367.

3. Defendant is subject to the personal jurisdiction of this Court.

4. Venue is proper in this Judicial District.

## II. THE PARTIES

5. Plaintiff Aragon Management, LLC ("Aragon") is a corporation organized and existing under the laws of the State of Florida, having its principal place of business in Boca Raton, Florida.

6. Plaintiff Presser International, LLC ("Presser International") is a Corporation organized and existing under the laws of California, having its principal place of business in this Judicial District.

7. Plaintiff Joelwire, LLC ("Joelwire") is a Corporation organized and existing under the laws of California, having its principal place of business in this Judicial District.

8. Aragon, Presser International and Joelwire (collectively "Plaintiffs") are the owners of any and all rights that Harry Zimmerman, Mark Presser and David Harilela have or may have had in the subject matter of this lawsuit.

9. Plaintiffs are informed and believe, and thereon allege, that Defendant Guthy-Renker Corporation ("Guthy-Renker") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 3340 Ocean Park Blvd., Santa Monica, CA 90405.

### III. COMMON ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

10. On information and belief, Rick Hersh, Robson Splane, David Krieff and Carroll Krieff were acting on behalf of, and as agents for, Guthy-Renker with regard to all of the acts set forth below.

11. In or around November, 2004, Mr. Hersh contacted Mr. Presser on behalf of Guthy-Renker regarding designing improvements to the then-existing Pilates chairs to complement the Malibu Pilates Method owned by Mr. and Mrs. Krieff that Guthy-Renker wanted to market. Mr. Hersh informed Mr. Presser that Mr. Krieff would be contacting Mr. Presser regarding the project. Mr Krieff contacted Mr. Presser regarding designing improvements to then-existing Pilates chairs, and Mr. Presser later contacted Mr. Zimmerman.

12. Messrs. Zimmerman and Presser had several meetings with Mr. Krieff, and at least one with Mrs. Krieff, regarding having Messrs. Zimmerman and Presser create ideas and designs for a new and innovative Pilates Chair that would compliment the Malibu Pilates Method that Guthy-Renker wanted to market.

13. Mr. Zimmerman created new ideas and designs for improvements to Pilates chairs.

14. On November 11, 2004, Mr. Krieff informed Messrs. Zimmerman and Presser that he was going to have an important meeting the following day. On information and belief, this meeting was with Guthy-Renker. Mr. Krieff requested that Messrs. Zimmerman and Presser provide Mr. Krieff with initial sketches of their ideas and designs for use at the meeting. Mr. Krieff informed Messrs. Zimmerman and Presser that he wanted to move forward quickly with

-2-

the project. Messrs. Zimmerman and Presser did not provide any sketches to Mr. Krieff or disclose details regarding any of their ideas or designs at this time.

15. On November 13, 2004, Mr. Krieff informed Messrs. Zimmerman and Presser that Mr. Krieff had a great meeting with Rick Hersh and others at Guthy-Renker. Mr. Krieff requested a list of the benefits and unique features of Mr. Zimmerman's chair designs. Mr. Krieff requested that Messrs. Zimmerman and Presser document all of the wonderful options for the chair so that Mr. Krieff and Guthy-Renker could see what the initial prototype might look like, even if it was a work in progress. Mr. Krieff again reiterated to Messrs. Zimmerman and Presser that he wanted to move forward quickly with the project. Messrs. Zimmerman and Presser did not provide any sketches to Mr. Krieff or disclose details regarding any of their ideas or designs at this time.

16. On December 6, 2004, Mr. Presser wrote an e-mail to Mr. Krieff confirming that he and Mr. Zimmerman had some concept drawings for Mr. Krieff's review at a meeting that was scheduled for the following day. Mr. Presser's email also documented that the chair designs had been created by, and belonged to, Messrs. Zimmerman and Presser, while the Malibu Pilates Method belonged to Mr. & Mrs. Krieff.

17. The e-mail stated that Messrs. Zimmerman and Presser were, "bringing the design of the chair" to the table, while the Krieffs owned the Malibu Pilates Method. Mr. Presser emphasized that, before Plaintiffs would disclose anything to Mr. Krieff or Guthy-Renker, it was important to have a signed agreement in place acknowledging the rights of Messrs. Zimmerman and Presser and the confidentiality obligations of Mr. Krieff. Mr. Presser offered to allow Mr. Krieff to draft appropriate language to document this understanding. Mr. Presser also offered that they could "simply sign this e-mail so that we can all be comfortable in our discussions."

-3-

18. Mr. Krieff responded that he was "aware of everything in your letter and agree to move forward." Mr. Krieff wrote that he was excited to see what kind of chair Messrs. Zimmerman and Presser were bringing to the table and confirmed the time and location for the meeting the following day.

19. At a meeting on December 7, 2004, Messrs. Krieff and Zimmerman signed a copy of Mr. Presser's December 6th e-mail that included the following additional statement, which had been hand-written by Mr. Krieff:

> We are agreed to [the] basic concept of the letter. The design concepts of the chair listed above are property of Mark Presser, Harry Zimmerman, David Harilela. The concept of Malibu Method is wholly owned by David Krieff and Carroll Krieff. We will in good faith attempt to move forward with an agreement deal memo.

20. Messrs. Zimmerman and Presser then disclosed to Mr. Krieff Mr. Zimmerman's ideas and designs for an improved Pilates chair and drawings that describe and illustrate aspects of those ideas and designs. Messrs. Zimmerman and Presser disclosed the ideas and designs based on the understanding that Mr. Krieff would present them to Guthy-Renker and that Plaintiffs would be compensated if Guthy-Renker made use of Mr. Zimmerman's ideas or designs. Plaintiffs disclosed the ideas and designs based on the understanding that Guthy-Renker would keep the ideas and designs confidential.

21. On February 28, 2005, Mr. Presser emphasized to Mr. Krieff that it was important that Guthy-Renker understand that the ideas Messrs. Zimmerman and Presser had conveyed to Mr. Krieff were protected by the confidentiality agreement. Messrs. Zimmerman and Presser offered to attend a meeting with Guthy-Renker if it would help move the project forward, potentially including a presentation and competitive bid regarding the manufacturing side of the equation. Messrs. Zimmerman and Presser also offered to review any plans

proposed by Guthy-Renker's designer in San Diego. On information and belief, Mr. Splane is Guthy-Renker's designer in San Diego.

22. On March 24, 2005, Mr. Krieff said that he should have some final answers the following week, and that he and Mrs. Krieff would really like to work with Messrs. Zimmerman and Presser.

23. Thereafter, Messrs. Zimmerman and Presser did not hear from Mr. Krieff. Messrs. Zimmerman and Presser reasonably believed that Mr. Krieff's lack of response indicated that Guthy-Renker had declined to pursue the project.

24. On information and belief, Mr. Krieff disclosed Mr. Zimmerman's ideas and designs to Guthy-Renker. On information and belief, Mr. Krieff informed Guthy-Renker that Plaintiffs' ideas and designs had originated with Messrs. Zimmerman and Presser.

25. On information and belief, Guthy-Renker disclosed Mr. Zimmerman's ideas and designs to Mr. Splane, including the drawings Messrs. Zimmerman and Presser had given to Mr. Krieff on December 7, 2004, without informing or compensating Plaintiffs. On information and belief, Mr. Splane placed copies of these confidential documents reflecting Mr. Zimmerman's ideas and designs in Mr. Splane's files without informing or compensating Plaintiffs.

26. On information and belief, Guthy-Renker did not inform Mr. Krieff that Guthy-Renker had disclosed to Mr. Splane Mr. Zimmerman's ideas and designs, including the drawings Messrs. Zimmerman and Presser had given to Mr. Krieff on December 7, 2004. On information and belief, Guthy-Renker did not inform Mr. Krieff that Mr. Splane had placed copies of these confidential documents reflecting Mr. Zimmerman's ideas and designs in Mr. Splane's files.

27. Guthy-Renker did not inform Plaintiffs that Guthy-Renker had disclosed to Mr. Splane Mr. Zimmerman's ideas and designs, including the drawings Messrs. Zimmerman and Presser had given to Mr. Krieff on December 7, 2004. Guthy-Renker did not inform Plaintiffs that Mr. Splane had placed

1  copies of these confidential documents reflecting Mr. Zimmerman's ideas and designs in Mr. Splane's files.

28. Unbeknownst to Plaintiffs, on August 10, 2005, Guthy-Renker filed U.S. Provisional Application No. 60/706,983 naming Mr. Splane as the sole inventor. The 60/706,983 application disclosed Mr. Zimmerman's ideas and designs without informing or compensating Plaintiffs and without naming Mr. Zimmerman as a joint inventor.

29. Unbeknownst to Plaintiffs, on February 2, 2006, Guthy-Renker filed U.S. Patent Application No. 11/346,142 naming Mr. Splane as the sole inventor. The 11/346,142 application claimed priority to the 60/706,983 application and disclosed and claimed Mr. Zimmerman's ideas and designs without informing or compensating Plaintiffs and without naming Mr. Zimmerman as a joint inventor.

30. On information and belief, Guthy-Renker and Mr. Splane used Mr. Zimmerman's ideas and designs, including the information in the drawings Messrs. Zimmerman and Presser had given to Mr. Krieff on December 7, 2004, in developing the Malibu Pilates Chair for Guthy-Renker and in preparing the 60/706,983 application and 11/346,142 application for Guthy-Renker, without informing or compensating Plaintiffs and without naming Mr. Zimmerman as a joint inventor.

31. Guthy-Renker incorporated Mr. Zimmerman's ideas and designs into its Malibu Pilates chair without informing or compensating Plaintiffs. Guthy-Renker marketed the Malibu Pilates chair without informing or compensating Plaintiffs.

32. Plaintiffs was not aware, and had no reason to suspect, that Guthy-Renker had begun marketing a Pilates Chair that used Mr. Zimmerman's ideas and designs until Mr. Zimmerman fortuitously learned of the Malibu Pilates Chair in the fall of 2009.

-6-

33. Shortly thereafter, Plaintiffs learned for the first time of the 11/346,142 application, and the 60/706,983 application.

34. In late September, 2009, during a meeting with Guthy-Renker at Guthy-Renker's offices in Palm Desert, California, Plaintiffs informed Guthy-Renker that Plaintiffs were entitled to compensation relating to the Malibu Pilates chair. On or about October 6, 2009, Plaintiffs sent a follow-up letter to Guthy-Renker regarding the role of Messrs. Zimmerman and Presser in the development of the Malibu Pilates chair and the 11/346,142 application. Guthy-Renker did not respond prior to October 27, 2009.

35. On October 27, 2009, U.S. Patent No. 7,608,030 (the "'030" patent") issued from the 11/346,142 application to Mr. Splane. The face of the '030 patent states that it has been assigned to Guthy-Renker.

36. Messers. Presser, Zimmerman, and Harilela have assigned whatever interest they may have in Mr. Zimmerman's ideas and designs for an improved Pilates chair to Plaintiffs. These ideas and designs are hereafter referred to as "Plaintiffs' ideas and designs" for an improved Pilates chair.

### IV. FIRST CLAIM FOR RELIEF
### (Correction of Inventorship, 35 U.S.C. § 256)

37. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 36 of this Complaint as though fully set forth therein.

38. Mr. Splane is named as the sole inventor of the '030 patent.

39. Mr. Splane is not the sole true and actual inventor of the subject matter of the '030 patent.

40. Mr. Zimmerman made an inventive contribution to the subject matter disclosed and claimed in the '030 patent.

41. Mr. Zimmerman is an inventor of the subject matter claimed in the '030 patent.

42. Mr. Zimmerman has assigned whatever interest he may have in the '030 patent to Plaintiffs. On information and belief, Mr. Splane has assigned whatever interest he may have in the '030 patent to Guthy-Renker.

43. Plaintiffs' ability to exploit, use and license to others their intellectual property rights pertaining to the subject matter disclosed and claimed in the '030 patent depends on whether Mr. Zimmerman is named as an inventor of the '030 patent. There is an immediate, real, and substantial controversy between the parties regarding the true inventors of the '030 patent.

44. The '030 patent should be corrected to identify Mr. Zimmerman as an inventor.

## V. SECOND CLAIM FOR RELIEF

### (Breach of Confidence)

45. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 44 of this Complaint as though fully set forth therein.

46. Plaintiffs' ideas and designs for an improved Pilates chair were offered to Guthy-Renker in confidence through Mr. Krieff.

47. Guthy-Renker voluntarily received knowledge of Plaintiffs' ideas and designs with the understanding that they were not to be disclosed to others and were not to be used for purposes beyond the limits of the confidence without Plaintiffs' permission.

48. Guthy-Renker disclosed Plaintiffs' ideas and designs to Mr. Splane beyond the limits of the confidence without Plaintiffs' permission. Mr. Splane and Guthy-Renker disclosed and used Plaintiffs' ideas and designs in designing the Malibu Pilates Chair and in preparing the '030 patent beyond the limits of the confidence without Plaintiffs' permission.

49. Guthy-Renker is liable for breach of confidence.

-8-

50. Guthy-Renker's breach of confidence has unjustly enriched Guthy-Renker and injured Plaintiffs by, among other things, denying Plaintiffs compensation to which they were entitled.

## VI. THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition - Misappropriation)

51. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 50 of this Complaint as though fully set forth therein.

52. Plaintiffs' predecessors-in-interest invested substantial time, skill and money in developing Plaintiffs' ideas and designs for an improved Pilates chair.

53. Guthy-Renker appropriated and used Plaintiffs' ideas and designs in designing the Malibu Pilates Chair and in preparing the '030 patent at little or no cost to Defendant.

54. Guthy-Renker's appropriation and use of Plaintiffs' ideas and designs in the Malibu Pilates Chair and in the '030 patent were without Plaintiffs' authorization or consent.

55. Guthy-Renker is liable for misappropriation.

56. Guthy-Renker's misappropriation of Plaintiffs' ideas and designs in the Malibu Pilates Chair and in the '030 patent have unjustly enriched Guthy-Renker and injured Plaintiffs by, among other things, denying Plaintiffs compensation to which they were entitled.

## VII. FOURTH CLAIM FOR RELIEF

### (*Desny* Claim for Breach of an Implied/Inferred Contract)

57. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 56 of this Complaint as though fully set forth therein.

58. Regardless of whether Plaintiffs' ideas and designs for an improved Pilates chair are subject to exclusive ownership, Plaintiffs disclosure of these ideas and designs to Guthy-Renker, through Mr. Krieff, and Guthy-Renker's subsequent disclosure of these ideas and designs to Mr. Splane, was of substantial value to Guthy-Renker in designing the Malibu Pilates chair and preparing the '030 patent.

59. That disclosure, and specifically the disclosure to Mr. Krieff at and during the December 7, 2004 meeting, was consideration for Guthy-Renker's promise to pay for those ideas and designs if Guthy-Renker elected to use them.

60. Guthy-Renker knew or should have known that they could only use Plaintiffs' ideas and designs for an improved Pilates chair if they paid for those ideas and designs.

61. When Guthy-Renker used Plaintiffs' ideas and designs for an improved Pilates chair in designing the Malibu Pilates chair and preparing the '030 patent, Guthy-Renker did so subject to an agreement that those ideas and designs would be paid for regardless of their novelty.

62. Guthy-Renker is liable for breach of an implied/inferred contract.

63. Guthy-Renker's breach has unjustly enriched Guthy-Renker and injured Plaintiffs by, among other things, denying Plaintiffs compensation to which they were entitled.

## VIII. FIFTH CLAIM FOR RELIEF
### (Tortious Interference with Contractual Relations)

64. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 63 of this Complaint as though fully set forth therein.

65. Valid implied and express contracts existed between Mr. Krieff and Plaintiffs' predecessors-in-interest.

-10-

66. Plaintiffs' predecessors-in-interest and Mr. Krieff entered into a valid contract on December 7, 2004, that required Mr. Krieff to, among other things, negotiate with Plaintiffs' predecessors-in-interest in good faith regarding a deal for a new Pilates chair, and keep Plaintiffs' ideas and designs confidential.

67. Guthy-Renker was aware of these contracts.

68. On information and belief, Guthy-Renker engaged in intentional acts designed to induce breach or disruption of these contracts.

69. Plaintiffs' predecessors-in-interest fulfilled all of their obligations under the contract. To the extent Plaintiffs' predecessors-in-interest did not fully perform, they were excused from any further performance.

70. Mr. Krieff breached his contracts with Plaintiffs' predecessors-in-interest.

71. Guthy-Renker's inducement of those breaches unjustly enriched Guthy-Renker and injured Plaintiffs by, among other things, denying Plaintiffs compensation to which they were entitled.

## IX. SIXTH CLAIM FOR RELIEF

**(Statutory Unfair Competition -- Cal. Bus. & Prof. Code 17200, *et seq.*)**

72. Plaintiffs repeat, reallege, and incorporate by reference the allegations set forth in paragraphs 1 through 71 of this Complaint as though fully set forth therein.

73. Guthy-Renker committed unlawful, unfair and fraudulent business actions by misappropriating Plaintiffs' ideas and designs by selling the Malibu Pilates chair without compensating Plaintiffs.

74. Guthy-Renker committed unlawful and unfair business actions by filing patent applications that disclosed and claimed Plaintiffs' ideas and designs without compensating Plaintiffs or naming the proper inventors.

75. Guthy-Renker's unlawful and unfair acts were oppressive.

-11-

76. Plaintiffs have suffered injury in fact and lost money and property as a result of Guthy-Renker's unlawful and unfair acts.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor against Guthy-Renker for the following relief:

A. A judgment in favor of Plaintiffs and against Guthy-Renker on all claims for relief alleged herein;

B. An order requiring Guthy-Renker to disclose to Plaintiffs all pending patent applications, both foreign and domestic, in which Guthy-Renker or Mr. Splane is attempting to claim any exclusive patent rights to inventions employing Plaintiffs' ideas or designs for an improved Pilates chair;

C. An order correcting the named inventors on the '030 patent and all other foreign and domestic patents in which Guthy-Renker or Mr. Splane is attempting to claim any exclusive patent rights to inventions employing Plaintiffs' ideas or designs for an improved Pilates chair;

D. An order that Guthy-Renker must act as constructive trustee on Plaintiffs' behalf in maintaining and prosecuting all foreign and domestic patent applications in which Guthy-Renker or Mr. Splane is attempting to claim any exclusive patent rights to inventions employing Plaintiffs' ideas or designs for an improved Pilates chair;

E. An order requiring Guthy-Renker to file with this Court and serve on Plaintiffs within thirty (30) days after the issuance of any order, a report in writing, under oath, setting forth in detail the manner and form in which Guthy-Renker has complied with the Court's orders;

F. An order that Guthy-Renker account to Plaintiffs for any and all revenues or other benefits derived by Guthy-Renker as a consequence of the acts complained of herein and disgorge to Plaintiffs any and all such revenues or benefits;

G.  An order that Guthy-Renker compensate Plaintiffs for any and all damages sustained by Plaintiffs as a consequence of the acts complained of herein;

H.  An order that Guthy-Renker provide restitution to Plaintiffs for any and all expenditures made by Plaintiffs as a consequence of the acts complained of herein;

I.  An order awarding Plaintiffs any and all other specific, general, and compensatory damages according to proof;

J.  An order that this is an exceptional case under 35 U.S.C. § 385;

K.  An order awarding Plaintiffs their reasonable costs, attorneys' fees, and expenses of this suit;

L.  An order awarding Plaintiffs any such other and further relief as the Court may deem just and proper; and,

M.  An order that Guthy-Renker's actions were willful, intentional, and/or malicious and awarding Plaintiffs punitive damages.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:_____     By:_____
                          Joseph R. Re
                          Benjamin A. Katzenellenbogen
                          Dennis M. Cahillane
                          Attorneys for Plaintiffs
                          ARAGON MANAGEMENT, LLC,
                          PRESSER INTERNATIONAL, LLC, and
                          JOELWIRE, LLC.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs Aragon Management, LLC, Presser International, LLC, and Joelwire, LLC hereby demand a trial by jury on all issues so triable.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:_____    By:_____
                           Joseph R. Re
                           Benjamin A. Katzenellenbogen
                           Dennis M. Cahillane
                           Attorneys for Plaintiffs
                           ARAGON MANAGEMENT, LLC,
                           PRESSER INTERNATIONAL, LLC, and
                           JOELWIRE, LLC.

9206276_10
062210