SEP 0 2 2008 ✓

# CALIFORNIA PROCEDURE

## Fifth Edition

by B. E. WITKIN

*and members of the*

## WITKIN LEGAL INSTITUTE

Volume 4


**WITKIN**
*LEGAL INSTITUTE*

2008

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 MAIN ST.
14TH FLOOR
IRVINE, CA 92614
Attachment 1

Copyright © 2008

By

B.E. Witkin Article Sixth Testamentary Trust

because he is not entitled to relief *in equity*, as the case may be. He can be sent out of Court only when, upon his facts, he is entitled to *no relief*, either at law or in equity." (*Grain v. Aldrich* (1869) 38 C. 514, 520; see *White v. Lyons* (1871) 42 C. 279, 282; *Collins v. O'Laverty* (1902) 136 C. 31, 35, 68 P. 327; *Zellner v. Wassman* (1920) 184 C. 80, 87, 193 P. 84; *Feig v. Bank of Italy* (1933) 218 C. 54, 57, 21 P.2d 421; *Pascoe v. Morrison* (1933) 219 C. 54, 58, 25 P.2d 9; *Farrell v. Ontario* (1919) 39 C.A. 351, 355, 178 P. 740; 1 Am.Jur.2d (2005 ed.), Actions §11.)

In *Bank of America v. Gillett* (1940) 36 C.A.2d 453, 97 P.2d 875, plaintiff, to toll the statute of limitations, sued on a secured promissory note without exhausting the security. The trial judge gave judgment for plaintiff subject to the requirement of first exhausting the security. *Held*, the judgment was proper as a judicial declaration of the rights and obligations of the parties, which plaintiff might have obtained if his complaint had sought declaratory relief (equitable action) under C.C.P. 1060. "But forms of pleading are of no importance if the pleading in substance states the facts showing the relief to which the pleader is entitled. In such a case the pleader may have the relief which the facts established justify, though that relief may not be exactly what he thought he was entitled to." (36 C.A.2d 455.)

### (c) [§32] Contract, Tort, and Other Forms.

"The statute makes no distinction in matters of form between actions of contract and those of tort, and relief is administered without reference to the technical and artificial rules of the common law upon this subject. . . . Every action under our practice may be properly termed an action on the case." (*Jones v. Steamship Cortes* (1861) 17 C. 487, 497; see *Perry v. Robertson* (1988) 201 C.A.3d 333, 339, 247 C.R. 74, citing the text.) "Does the complaint state in ordinary and concise language facts sufficient to constitute a cause of action? That is the question, and not whether it is sufficient to show trespass *quare clausum*, trespass *vi et armis*, or any other technical form of action, *ex delicto* or *ex contractu*." (*Rogers v. Duhart* (1893) 97 C. 500, 504, 32 P. 570.)

"The subject matter of an action and the issues involved are determinable from the facts alleged rather than from the title of the pleading or the character of damage recovery suggested in connection with the prayer for relief." In defining the relief that may be awarded to a plaintiff where an answer in the action has been filed, C.C.P. 580 provides that the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issues. (*Buxbom v. Smith* (1944) 23 C.2d 535, 542, 145 P.2d 305.)

In *Bartlett v. Federal Outfitting Co.* (1933) 133 C.A. 747, 24 P.2d 877, plaintiff pleaded two causes of action: (a) libel resulting from a publication, and (b) negligence in the publication. The trial court compelled plaintiff to elect one cause for trial and, after plaintiff's election of the libel cause, dismissed the complaint for failure to state a cause of action. In reversing the judgment, the court said: "The facts pleaded clearly state a tortious wrong committed by defendants, and this irrespective of whether the action be called one for libel, negligence or damages. . . . [T]he name of the action is of no consequence provided plaintiff has stated sufficient facts to show a right of recovery." (133 C.A. 750.) (See *Samuels v. Singer* (1934) 1 C.A.2d 545, 549, 36 P.2d 1098 [defective complaint for unlawful detainer was sufficient for ejectment]; *Estergren v. Sager* (1940) 39 C.A.2d 401, 404, 103 P.2d 177, infra, §696; *Kittle v. Lang* (1951) 107 C.A.2d 604, 611, 237 P.2d 673 [confusion of theories of breach of contract and partnership].)

### 2. [§33] Effect of Forms on Pleading.

Although forms of action have been abolished for purposes of pleading, the distinctions between actions at law and in equity, in contract and in tort, and some others, remain for various substantive and procedural purposes. (See 3 *Cal. Proc.* (5th), *Actions,* §118.) It is therefore necessary to know the distinctions and to have them in mind at the pleading stage. It is perfectly true that the plaintiff need only plead "the ultimate facts" of the legal right and wrong (infra, §378), but the plaintiff must choose those facts that will establish the jurisdiction, venue, proper statute of limitations, right to jury trial, etc., and that will justify the particular remedy or relief demanded. (See 2 *Cal. Proc.* (5th), *Jurisdiction,* §44 et seq.; 3 *Cal. Proc.* (5th), *Actions,* §118 et seq.; 4 Federal Practice & Procedure (Wright & Miller) §1045; C.E.B., 1 Civil Proc. Before Trial 4th, §15.22 et seq.; 3 Am.Jur. Trials 681 [tactics and strategy of pleading].)

It is not enough, therefore, to give "fair notice" of the nature of the claim, as is suggested by the advocates of "notice pleading." (See infra, §379.) Under the code system, the pleader must have in mind the elements of his or her substantive right, and the allegations of the "facts" must follow, to a considerable extent, the traditional distinctions between the various forms of legal wrongs. There are characteristic "forms" of pleading in actions for damages for breach of contract, specific performance, damages for personal injuries, and a host of others. Mistaken labels and confusion of legal theory may not be fatal (see infra, §412 et seq.), but the substantial allegations of fact must ordinarily fit into the pattern of some established right or remedy. (See infra, §419.)

is uncertain as to which of several is its legal theory; or (b) the complaint selects an untenable theory, e.g., demands a remedy not warranted by the facts pleaded and proved. This defect is often correctable under the liberal rule that allows amendment at the trial, to conform to proof (see infra, §1211), and it would seem that nearly all cases of wrong theory could and should be handled in that manner. But if amendment is not sought or is denied, is the plaintiff entitled to judgment, and is the judgment sustainable on appeal, where the facts pleaded would support some relief?

The answer to this question (infra, §413) will be better understood if three other doctrines are distinguished:

(1) *Theory on which the case was tried.* When a case is tried on a particular theory, a party will normally not be allowed to urge a different theory to support or attack the judgment on appeal. (See 9 *Cal. Proc.* (5th), *Appeal,* §407.)

(2) *Variance.* Where the proof does not support the allegations of the complaint, the plaintiff may not be entitled to recover unless the complaint is amended to conform to proof. This is not a problem of mistaken legal theory underlying the complaint, but of insufficient allegations of fact. (See infra, §1209 et seq.)

(3) *Election of remedies.* If a party elects a remedy and, by reason of another's reliance, the elements of an estoppel exist, the election is binding. This doctrine applies only where there is a choice of remedies and not where the choice is among legal theories of recovery. (See 3 *Cal. Proc.* (5th), *Actions,* §179 et seq.)

### 2. [§413] Doctrine Repudiated.

California and the more progressive states have entirely rejected the doctrine of theory of the pleading as incompatible with the fundamental code principle of abolition of forms of action. "It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled." (*Zellner v. Wassman* (1920) 184 C. 80, 88, 193 P. 84; see *Estrin v. Superior Court* (1939) 14 C.2d 670, 678, 96 P.2d 340; *California-Western States Life Ins. Co. v. Tucker* (1940) 15 C.2d 69, 71, 98 P.2d 511 ["The form of the action is immaterial, if a cause of action is actually stated; the doctrine of 'theory of the pleading' has long been repudiated in this state"]; *MacIsaac v. Pozzo* (1945) 26 C.2d 809, 815, 161 P.2d 449; *Barquis v. Merchants Collection Assn.* (1972) 7 C.3d 94, 103, 101 C.R. 745, 496 P.2d 817, citing the text; *Hayden v.*

*Collins* (1905) 1 C.A. 259, 261, 81 P. 1120 ["We are not concerned with technical questions as to the proper *designation* of an action. It is for us to determine whether the complaint states *any* cause of action entitling the plaintiff to *any* relief at law or in equity"]; *Masero v. Bessolo* (1927) 87 C.A. 262, 268, 262 P. 61; *Von Schrader v. Milton* (1929) 96 C.A. 192, 198, 273 P. 1074; *Tracy v. Stock Assur. Bureau* (1933) 132 C.A. 573, 581, 23 P.2d 41; *Katz v. Driscoll* (1948) 86 C.A.2d 313, 316, 194 P.2d 822; *Lacy v. Laurentide Finance Corp.* (1972) 28 C.A.3d 251, 256, 104 C.R. 547, citing the text; *Smith v. Commonwealth Land Title Ins. Co.* (1986) 177 C.A.3d 625, 223 C.R. 339, citing the text [on appeal from judgment on demurrer, court will examine pleaded facts to see if they make out claim for relief under any theory]; supra, §30.)

Nor can the doctrine be applied under the Federal Rules. (See F.R. Civ. P., Rule 54(c) [except where judgment is by default, it "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"]; James 5th, §3.14.)

*West's Key Number Digest,* Action ⚷37

### 3.  Illustrations.

#### (a)  Recovery Contrary to Theory of Complaint.

##### (1)  [§414]  Equity and Law Theories.

The most common illustration, which necessarily follows from the procedural fusion of legal and equitable actions (see supra, §31), occurs where the complaint and prayer are drawn in the form of an equitable action, but equitable relief is, for some reason, unavailable. If the facts pleaded justify legal relief (damages), this should be awarded.

In *Masero v. Bessolo* (1927) 87 C.A. 262, 262 P. 61, the action was brought to cancel a deed for failure of consideration. The trial judge nonsuited plaintiffs for the reason that a deed is not subject to cancellation on that ground. The judgment was reversed, for, although cancellation was improper, the facts alleged justified an award of damages. (87 C.A. 268.) (See *Von Schrader v. Milton* (1929) 96 C.A. 192, 198, 273 P. 1074 [action for rescission (equitable action now abolished); held not essential that damages be specifically prayed for; sufficient that complaint alleges facts showing monetary loss].)

However, if the facts to support an award of damages are not alleged, the plaintiff will be denied relief, not because the plaintiff cannot change the theory of the pleading but because the allegations of the pleading do

552

Attachment 1