Joseph R. Re (SBN 134,479); joseph.re@kmob.com
Benjamin A. Katzenellenbogen (SBN 208,527); bkatzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
T: 949-760-0404; F: 949-760-9502

Colin B. Heideman (SBN 238,674); colin.heideman@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1420 Fifth Avenue
Seattle, WA 98101
T: 206-405-2000; F: 206-405-2001

Attorneys for Plaintiff, PILATES TECHNOLOGIES, LLC,

Mark A. Flagel (SBN 110,635); mark.flagel@lw.com
Charles Courtenay (SBN 232,139); charles.courtenay@lw.com
Jessica Kronstadt (SBN 267,959); jessica.kronstadt@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
T: 213-485-1234; F: 213-891-8763

Attorneys for Defendants, GUTHY-RENKER LLC and ROBSON SPLANE

Michael M. Amir (SBN 204,491); mamir@dollamir.com
Connie Y. Tcheng (SBN 228,171); ctcheng@dollamir.com
DOLL, AMIR & ELEY
1888 Century Park E., Suite 1106
Los Angeles, CA 90067
T: 310-557-9121; F: 310-557-9101

Attorneys for Defendant, DAVID KRIEFF

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PILATES TECHNOLOGIES, LLC, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> GUTHY-RENKER CORPORATION, a Delaware corporation; DAVID KRIEFF, an individual; and, ROBSON SPLANE, an individual, <br><br> Defendants. | Civil Action No. 10cv6401 JHN (PJWx) <br><br> [~~PROPOSED~~] PROTECTIVE ORDER |

WHEREAS, Plaintiff Pilates Technologies, LLC ("Pilates Technologies") and Defendants Guthy-Renker LLC ("Guthy-Renker"), David Krieff ("Krieff"), and Robson Splane ("Splane") (collectively, "Defendants") agree that in the course of pre-trial discovery relating to issues of inventorship, development, ownership of certain ideas and designs, and damages, the parties will likely seek disclosure of information that contains confidential, trade secret, or proprietary information of the parties, which the parties have taken reasonable steps to maintain as trade secrets and/or otherwise have maintained as confidential information. For example, through document requests, interrogatories, and deposition testimony, the parties will likely seek discovery from each other that requires disclosure of confidential technical, design, marketing, business and/or financial information;

WHEREAS, the parties agree that the disclosure of such confidential information during discovery in this case without appropriate confidentiality restrictions, or permitting unnecessary access to such confidential information, would substantially injure the disclosing party and provide a competitive advantage to competitors of the disclosing party;

WHEREAS, to expedite the flow of pre-trial discovery materials, protect the confidentiality of the confidential technical, business and financial information, ensure that protection is afforded only to materials so entitled, facilitate the prompt resolution of disputes over confidentiality, and eliminate the need for repeated requests that the Court become directly involved in the discovery process; and

WHEREAS, the parties have agreed to the terms of this Protective Order and have established good cause for entry of such an Order;

/ / /

/ / /

IT IS HEREBY ORDERED:

## DEFINITIONS

1. The term "party" refers to any party to this action.

2. The term "Material" shall include all items or information, regardless of the medium or manner generated, stored, or maintained, including but not limited to: documents or portions of documents; things; written discovery and responses thereto; deposition and trial testimony, transcripts of trial testimony and depositions; data, summaries, and compilations derived therefrom; and any portion of any documents, including court papers filed in this action, that quotes or summarizes any of these items.

3. The term "Designated Material" shall mean any Material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Paragraphs 7 or 8 of this Order.

4. The term "Outside Counsel" shall mean outside counsel of record in this action, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

   (a) KNOBBE, MARTENS, OLSON & BEAR, LLP
   (b) LATHAM & WATKINS LLP
   (c) DOLL AMIR & ELEY LLP

## DESIGNATION OF MATERIAL

5. Any party to this litigation that produces or discloses any Material that the party believes in good faith should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Paragraphs 6 or 7 of this Order.

///

6. A party may designate as "CONFIDENTIAL" under the terms of this Protective Order any non-public Material containing information that is proprietary, contains or constitutes trade secrets, is of a competitively sensitive business or technical nature, or would otherwise cause harm to the business interests of the disclosing party if such information were disclosed to competitors. Confidential information may include, but is not limited to, the following: (i) trade secrets or proprietary information regarding design, manufacture, construction, development, function, or operation of any past, present, or future product or service; (ii) financial information, such as pricing, income, profits, losses, expenses, costs, overhead, royalty rates, or sales quantities relating to any past, present, or future product or service; (iii) contractual relationships with third parties, including, but not limited to, agreements in settlement of litigation; (iv) business, financial or marketing plans, projections, or data; (v) the identity of customers or suppliers; (vi) research and development materials, including product and market research; (vii) unpublished patent applications; (ix) documents that contain, disclose, or reflect confidential business, commercial, financial, or other similarly sensitive information of a non-public nature. Examples of categories of financial information that shall be designated as "CONFIDENTIAL" by Defendants include: (1) total revenue, costs and expenses, and profit information relating to the financial performance of the Malibu Pilates chair; and (2) a summary breakdown of the components of the costs and expenses associated with the Malibu Pilates chair, including total figures for (a) costs of goods, (b) fulfillment costs, (c) show development costs, (d) administrative, research and development and other expenses, and (e) royalties and other payments for services related to the design and marketing of the Malibu Pilates chair

(including total amounts paid to Robson Splane, David and Caroline Krieff, Susan Lucci, Mari Winsor and others).[1]

7. A party may only designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material that qualifies as "CONFIDENTIAL" under paragraph 6 above and also contains such highly competitive information that disclosure to another party would create a specific and substantial risk of serious injury that could not be avoided by less restrictive means. Examples of categories of financial information that may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" include: (1) confidential information regarding the financial performance and/or status of any party; (2) confidential information regarding the financial performance of any product other than the Malibu Pilates chair; and (3) closely guarded expense information regarding the Malibu Pilates chair, including details of marketing and advertising strategies, costs and any projections relating to the same, and details regarding procurement and costs relating to television time.

8. A non-party subject to discovery obligations in this case may designate Material in the same manner as a party.

**MANNER OF DESIGNATING MATERIALS AND TESTIMONY**

9. The producing party may designate Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing in a conspicuous place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such designation shall, to the extent possible, be made at the time the Materials are produced, and shall be affixed to each and every page containing such information.

---

[1] Defendants reserve the right to designate detailed financial data falling within these categories that qualify as such as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7.

-4-

10. Deposition testimony or testimony obtained from a pretrial evidentiary hearing may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either on the record at the deposition or hearing or by letter within 7 days after receipt of the final (i.e. not "draft" or "rough") transcript. The reporter for any deposition or hearing shall affix a mark of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to pages that contain testimony designed as such. All such transcripts shall be treated as "CONFIDENTIAL" until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

11. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials shall be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to the terms of this Order. After the inspecting party selects Materials for copying, the producing party shall, prior to producing those Materials, designate the Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.

12. If a party discovers that it has inadvertently produced Material containing confidential information without properly designating it in accordance with this Order, the producing party may provide properly designated copies of the Materials to the other party and request in writing that the improperly or non-designated Materials be returned or destroyed. The receiving party must treat the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

13. No party shall be responsible to another party for disclosure of confidential information under this Order if the Material containing the information in question is not labeled or otherwise identified in accordance with this Order.

**ACCESS TO AND USE OF PROTECTED MATERIAL**

14. Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons specified herein, and shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed by agreement of the parties or order of the Court.

15. Material designated "CONFIDENTIAL" shall be viewed only by the following individuals:

    (a) Outside Counsel, as defined in paragraph 4;

    (b) Independent Experts, under the conditions set forth in Paragraphs 18-22;

    (c) the receiving party (if that party is an individual), or the officers, directors, employees (including In-House Counsel) of the receiving party, to whom disclosure is reasonably necessary for this litigation, and the officers and directors of member entities identified in subparagraph (d) below, provided that each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing the Acknowledgement and Nondisclosure Agreement attached hereto as Exhibit A;

    (d) the member entities of Pilates Technologies, LLC are: Backend Company of America, Inc., Infomercial Management Corporation, LLC, Presser International, LLC and joelwireLLC,

and the officers and directors of these member entities who are authorized to receive "CONFIDENTIAL" material under subparagraph (c) above are: Ira Smolens (President of Backend Company of America, Inc. and Manager of Infomercial Management Corporation, LLC), Mark Presser (Managing Member of Presser International, LLC), and Harry Zimmerman (Manager of joelwireLLC);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who meet the criteria in paragraph 17;

(f) the Court (including Court employees who are assisting the Court); and

(g) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this matter.

16. Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise ordered by the Court or permitted in writing by the designating party, may be disclosed only to:

(a) Outside Counsel, as defined in paragraph 4;

(b) Independent experts, under the conditions set forth in Paragraphs 18-22;

(c) the Court (including Court employees who are assisting the Court); and

(d) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this matter.

17. Any person indicated on the face of the Designated Material to be its originator, author or recipient of a copy thereof, may be shown the same. Designated Material may also be shown to any person who is otherwise shown through prior discovery to have knowledge of, or to have had access to, the

confidential information contained in the Designated Material, upon providing the producing party with written notice and five (5) business days to object to such disclosure in accordance with the expert witness disclosure provisions in Paragraphs 19-22.

18. "Independent Experts" means experts or consultants (together with their clerical staff who have a legitimate need to access the confidential information for the purposes of this action) who are not officers, directors, or employees of any party and who are retained to assist in the prosecution, defense, or settlement of this action.

19. The right of any Independent Expert to receive any Designated Material shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an Independent Expert shall provide the producing party with the name and curriculum vitae of the proposed Independent Expert, and an executed copy of the form attached hereto as Exhibit A, at least five (5) business days prior to providing any confidential information of the producing party to the expert. The approval of Independent Experts shall not be unreasonably withheld.

20. Any objection by the producing party to an Independent Expert receiving Designated Material must be made in writing within five (5) business days following receipt of the identification and curriculum vitae of the proposed expert and include an explanation of the reasons for objecting to the Independent Expert. Designated Material may be disclosed to an Independent Expert if the five (5) business day period has passed and no objection has been made. However, failure to object shall not preclude the producing party from objecting to continued access by an Independent Expert where facts suggesting a basis for objection are subsequently learned by the producing party.

21. The parties shall, within five (5) business days from the date of the receipt of a notice of objection pursuant to Paragraph 20, confer and attempt to

resolve the dispute. If the parties cannot resolve the dispute, then the objecting party may move the Court, within fourteen (14) days from the date of sending the notice of objection, for an order that access to Designated Material be denied to the Independent Expert. The time periods shall not restrict either party from moving for a court order before any deadline.

22. No party seeking approval of an Independent Expert shall disclose Designated Material to the independent expert when there is an outstanding objection until the fourteen (14) day period set forth above in Paragraph 21 has expired without the objecting party seeking a protective order from the Court, or, if such an order has been sought, until such objection is resolved by the Court or the parties.

## FILING CONFIDENTIAL INFORMATION

23. Any Material, including interrogatories, answers to interrogatories, requests for admission, responses to requests for admissions, deposition transcripts, or other documents, which is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., unless the party first complies with the procedures set forth in Local Rule 79-5. If the Court denies the filing party's application to file the Designated Material under seal, the filing party shall not file the Designated Material as a publicly available document without first giving the designating party a reasonable opportunity to seek relief from the Court.

## OBJECTIONS TO DESIGNATIONS

24. At any stage of these proceedings, any party may object to a designation of Material, including deposition transcripts and portions therefore, as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY." The party objecting to the confidentiality designation shall notify, in writing, counsel for the designating party of the objected-to materials and the

grounds for the objection. If the dispute is not resolved, the designating party may move, within ten (10) days of receiving written notification of the receiving party's objection, the Court for a ruling on the objection. The designating party shall have the burden of establishing that the designation is appropriate. The Materials at issue shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of ten (10) days after the objection is made, or until the Court rules on the objection, whichever is later. If the designating party does not move the Court for a ruling on the objection within ten (10) days of receiving written notice of the objection, the designation shall be treated as withdrawn and the Material shall be treated with the level of confidentiality proposed by the objecting party.

25. No party shall be obligated to challenge the propriety of a designation at the time the designation is made, and a failure to make such challenged shall not preclude a subsequent challenge to such designation.

26. Nothing contained in this Order, or any failure to object to the designation of Material shall be construed in any manner as an admission by any party that Designated Material actually contains proprietary, trade secret, or confidential information.

### INADVERTENT PRODUCTION OF MATERIAL SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT IMMUNITY, OR OTHER PRIVILEGE OR IMMUNITY

27. Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).

28. Upon receiving written notice from the producing party that Material subject to a privilege or immunity has been inadvertently produced, the receiving party shall not copy or disseminate such Material. The receiving party shall return or destroy all such Material (including, without limitation, all

originals and copies of any documents containing or comprising such Material) promptly. No use shall be made of such Material (including, without limitation, all originals and copies of any documents containing or comprising such Material) by the receiving party (other than as necessary to challenge the claimed privilege or immunity as set forth below), nor shall such Material be disclosed to anyone by the receiving party. The receiving party shall promptly provide to the producing party a written certification of the complete return or destruction of such Material (including, without limitation, all originals and copies of any documents containing or comprising such Material); provided that, to the extent any receiving party has incorporated any such Material in its own work product, it may (instead of providing such work product to the producing person) destroy such Material incorporated in that work product and promptly certify to such destruction. Nothing herein shall preclude the receiving party from subsequently challenging that such Material is privileged or immune, or that any such privilege or immunity has been waived. The producing party shall retain a copy of all Material subject to a claim of privilege or immunity so that, should the Court so order, the producing party can provide a copy of any disputed Material to the Court for in camera inspection if the receiving party should challenge the assertion of privilege.

29. Once inadvertently produced material has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced material only.

///

## EXPERT DISCOVERY

30. The parties agree that the amendments to Federal Rule of Civil Procedure 26(b)(4), adopted by the United States Supreme Court on April 28, 2010, shall apply to this case. Thus, materials protected from disclosure pursuant to amended Rule 26(b)(4) are not subject to discovery and will not be listed on privilege logs. The parties recognize that amended Rule 26(b)(4) did not go into effect until December 1, 2010, which was after the filing of this lawsuit. However, the parties have agreed to be bound by the requirements of the amended rule.

## OTHER PROVISIONS

31. All Designated Material shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Designated Material, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Material. If Designated Material is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

32. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

33. Nothing in this Order shall prejudice the rights of the parties to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This

Order shall not be deemed to prejudice the parties in any way in any future application for modification of this order.

34. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information contained in the Designated Material, provided that the contents of the Designated Material shall not be disclosed to persons not authorized to receive such information.

35. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order shall not be used by either party as a basis for seeking discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

36. Nothing herein shall be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

37. Upon final termination of this action, including any and all appeals, counsel for each party, shall, within ninety (90) days, certify that it has returned all Designated Material to the party that produced the Material, including any copies, excerpts, and summaries thereof, or has destroyed all materials containing the other side's confidential information at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain one copy of all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information, such that counsel shall continue to treat all Designated Material in the manner provided in this Order. Further, attorney work product materials that contain confidential information need not be destroyed, but, if

they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

38. The restrictions and obligations set forth herein shall not apply to any information that the parties agree or the Court determines: (a) should not be designated confidential information; (b) is already public knowledge; (c) becomes public knowledge other than in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

39. The restrictions and obligations herein shall not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession thereof.

40. This Order may be modified by agreement of the parties, subject to approval by the Court.

41. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties request that the Court provide them with notice of the Court's intent to modify the Order, the content of those modifications and an opportunity to be heard, prior to entry of such an order.

**SO ORDERED.**

Dated: 5/6/11

Honorable ~~Jacqueline H. Nguyen~~
UNITED STATES ~~DISTRICT~~ JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have been provided with and have read the Protective Order regarding confidentiality in *Pilates Technologies, LLC v. Guthy-Renker Corp., David Krieff, and Robson Splane*, Civil Action No. 10-cv-6401 JHN(PJWx).

I expressly agree that I will not disclose any information received by me pursuant to the Protective Order and I agree to be bound by its terms as ordered by the Court. I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before the Court, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.

I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated:_____      By:_____